## PEOPLE v. WOODY.

1. HOMICIDE—INSANITY—GENERAL VERDICT.

   The jury may bring in a general verdict of not guilty in a trial for first-degree murder, where defendant pleads not guilty by a reason of insanity (CL 1948, § 750.316).

2. CRIMINAL LAW—TRIAL—GENERAL VERDICT—COMMON LAW.

   One of the most essential features of the right of trial by jury at common law was that no jury should be compelled to find any but a general verdict in criminal cases.

3. SAME—INSANITY—GENERAL VERDICT.

   One of the substantial elements of trial by jury in a prosecution for crime is the right of the jury to give a general verdict

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 46, 47; 53 Am Jur, Trial § 1060.
[4, 5] 21 Am Jur 2d, Criminal Law § 70.
[6, 8] 29 Am Jur 2d, Evidence § 321.
[7] 29 Am Jur 2d, Evidence § 353.
[9] 29 Am Jur 2d, Evidence § 354.
[10–12] 21 Am Jur 2d, Criminal Law § 47 et seq.
[13] 5 Am Jur 2d, Appeal and Error § 726.

on the merits, and while the jury may acquit on a reasonable doubt of insanity, which would require a general verdict of not guilty, it is at liberty, though it cannot be compelled, to find that fact specially if it agreed that the prisoner was insane, and that he would have been guilty if not insane.

4. HOMICIDE—INSANITY—PRESUMPTION OF SANITY.

Despite notice of the defense of insanity in a trial for first-degree murder, the defendant was presumed to be sane until evidence was introduced in his behalf to overcome the presumption (CL 1948, § 750.316).

5. SAME—INSANITY—BURDEN OF PROOF OF SANITY.

The people had the burden of proving defendant's sanity beyond a reasonable doubt after defense-called psychiatrist testified, in a trial for first-degree murder, that in his opinion the defendant was legally insane (CL 1948, § 750.316).

6. SAME—INSANITY—PRIOR ARRESTS AND CONVICTIONS.

Testimony of prior arrests, convictions, assaultive and antisocial conduct, ordinarily completely inadmissible as bearing on the general guilt or innocence of the accused of the offense charged, became material and admissible as bearing on the issue of defendant's sanity, where the defense of insanity had been interposed to a charge of first-degree murder (CL 1948, § 750-.316).

7. SAME—SANITY—EVIDENCE—PRIOR BEHAVIOR AND OFFENSES—REBUTTAL.

Cross-examination of defense-called psychiatrist and examination of 2 of the 3 members of sanity commission who had examined defendant prior to trial on charge of first-degree murder, which elicited testimony about past antisocial and pathological behavior and prior felony convictions, and rebuttal testimony were admissible, where the prosecution then had the burden of proving defendant's sanity, and the testimony was material to that issue presented by his pleading and proof (CL 1948, § 750.316).

8. CRIMINAL LAW—EVIDENCE OF FORMER CONVICTIONS OR OFFENSES.

Evidence of former convictions or offenses of a defendant who does not testify in his own behalf is not admissible except in cases wherein such evidence is material and relevant to the issue being tried.

9. Witnesses—Evidence—Sanity Commission—Court—Homicide.

Court does not pass on the question of whether 2 psychiatrists who were members of a sanity commission, appointed at the request of the people, were competent witnesses in a trial for first-degree murder, where their testimony was based entirely on their observations of defendant while they were members of the commission (CL 1948, §§ 750.316, 767.27).

10. Criminal Law—Sanity Proceeding—Sexual Psychopathic Hearing.

The statutory sanity proceeding for a person accused of a felony who appears to be insane is similar, in some respects, to a criminal sexual psychopathic hearing (CL 1948, §§ 767.27, 780-.501 et seq., as amended by PA 1950 [Ex Sess], No 25, and PA 1952, No 58).

11. Same—Sexual Psychopathic Hearing—Psychiatrists—Evidence.

The criminal sexual psychopathic act provides that the report of the psychiatrist shall not be competent evidence in any other proceedings against accused except the hearing to inquire into his alleged psychopathy (CL 1948, § 780.501 et seq., as amended by PA 1950 [Ex Sess], No 25, and PA 1952, No 58).

12. Same—Psychopath—Psychiatrist—Constitutional Law.

The alleged psychopath, under the criminal sexual psychopathic act, is required to answer questions put to him by the psychiatrist, but the act provides that such examination shall not violate common-law privileges or constitutional privileges against self-incrimination (CL 1948, § 780.501 et seq., as amended by PA 1950 [Ex Sess], No 25, and PA 1952, No 58).

13. Appeal and Error—Questions Reviewable—Sanity Commission—Examining Psychiatrists—Evidence.

Supreme Court does not decide whether prosecution can use the testimony of psychiatrist who examined defendant charged with first-degree murder in statutory sanity proceeding at the trial for murder, where the question was not raised on trial (CL 1948, §§ 750.316, 767.27).

Appeal from Court of Appeals, Division 1, J. H. Gillis, P. J., Fitzgerald and Quinn, JJ., affirming Recorder's Court, Ricca (John A.), J.   Submitted

November 9, 1967. (Calendar No. 31, Docket No. 51,564.) Decided April 1, 1968.

3 Mich App 729, affirmed.

Creede Woody was convicted of murder in the first degree. Defendant appealed. Judgment affirmed by Court of Appeals. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Earl T. Prosser (Steven M. Taylor,* of counsel), for defendant.

O'HARA, J. This case involves a determination of rights of a defendant in a criminal prosecution in which a notice of the defense of not guilty by reason of insanity was interposed and the defendant did not take the witness stand.

Appellant states the sole question to be whether it was error to permit the prosecuting attorney to examine certain psychiatrists as to the accused's alleged past antisocial and pathological behavior and prior felony convictions under the circumstances above set forth.

Defendant-appellant was charged with first-degree murder.[1] He was alleged to have killed his wife. Upon his arraignment in the recorder's court, the prosecuting attorney petitioned for his examination by a sanity commission to determine his capability to understand the nature of the proceedings against him and to assist in his defense, *i.e.,* to stand trial.

---

[1] CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).—REPORTER.

The commission determined that he possessed the requisite capacity. Thereupon, he gave due notice of the defense of insanity at the time of the killing. The trial proceeded and at the completion of the State's case the defendant called as a witness, a psychiatrist. He testified that in his opinion, based upon his examination of the defendant, at the time of the act charged, he was incapable of differentiating between right and wrong as a result of being in an acute state of mental disease which he had before the commission of the act charged.

In rebuttal, the State first cross-examined the psychiatrist at great length and in minute detail concerning the basis upon which he concluded the defendant was at the time of the offense alleged legally insane. In questioning the psychiatrist the prosecutor asked whether in the course of his examination the defendant told him that he:

(1) escaped from a boys' training school;

(2) committed a burglary and was returned to that school;

(3) escaped again from that school;

(4) was arrested for and convicted of second-degree murder and was sentenced to 20–30 years therefor, and while so serving was sentenced to an additional 5 years for assaulting a prison guard.

The cross-examination also was directed to the general background of the accused as it bore upon his alleged "assaultive character" and antisocial and sociopathic past behavior.

To supplement this rebuttal cross-examination of the defense-called expert witness the State also called 2 of the 3 psychiatrists who were members of the court-appointed sanity commission. They were examined along the same line.

It should be noted here that before the trial judge permitted any of the foregoing examination he excused the jury and allowed the prosecuting attorney

to ask the questions claimed to be objectionable. He permitted defense counsel to note his objections and the reasons therefor. He then recalled the jury and the substance of all the foregoing questions and answers were admitted in the presence of the jury. On this jury-witnessed examination, defense objections were again noted and overruled.

The case was submitted to the jury and it returned a guilty verdict. Appeal of right was taken to the Court of Appeals. That Court affirmed. We granted leave.

In affirming the conviction the Court of Appeals held:[2]

"The plea of not guilty by reason of insanity made the issue defendant's sanity at the time of the offense, not whether he killed his wife."

We feel obligated to point out that any implication from the above language that in these circumstances the jury cannot bring in a general verdict of not guilty should be dispelled. This was early decided and we do not find the holding has ever been disturbed.

In *People* v. *Marion* (1874), 29 Mich 30, 40, 41, we said:

"As it is one of the most essential features of the right of trial by jury at common law, that no jury should be compelled to find any but a general verdict in criminal cases, and the removal of this safeguard would violate its design and destroy its spirit, we cannot suppose the legislature intended to introduce such a revolution into the criminal law by any indirection."

In *Underwood* v. *People,* 32 Mich 1, 2, 3, we approved the holding:

---

[2] 3 Mich App 729, 732.

"As suggested in *People* v. *Marion*, 29 Mich 31, one of its [trial by jury] substantial elements is the right of the jury to give a general verdict on the merits.   *   *   *   And while it is not competent to prevent an acquittal on a reasonable doubt of insanity, which would require a general verdict of not guilty, yet if the jury agree that the prisoner was insane, and that he would have been guilty if not so, they are undoubtedly at liberty, though they cannot be compelled, to find that fact specially."

To the extent then that the language of the Court of Appeals be read to mean the contrary, we disapprove it.

We examine therefore the admissibility of the aforementioned testimony in light of the issues which were before the jury. One of those issues was the sanity of the defendant at the time of the commission of the act involved. In this respect the Court of Appeals was correct in its holding that the testimony was material. Despite the service of the notice of the defense of insanity, the defendant was presumed to be sane until evidence was introduced in his behalf to overcome the presumption. See *People* v. *Eggleston,* 186 Mich 510, 514. When the defense-called psychiatrist testified that in his opinion the defendant was legally insane, it became the burden of the people to prove his sanity, like every other element of an offense, beyond a reasonable doubt. Testimony of prior arrests, convictions, assaultive and antisocial conduct, ordinarily completely inadmissible as bearing on the general guilt or innocence of the accused of the offense charged, became material and admissible as bearing on the issue of his sanity. The people were entitled to all rights of cross-examination of the defense witness and to introduce rebuttal testimony by witnesses of their own. *People* v. *Fleish,* 321 Mich 443, cited and applied by the Court of Appeals, controls (p 461):

"There is no disposition to depart from the rule which in general is that as to a defendant who does not testify in his own behalf, evidence of former convictions or offenses is not admissible except in cases wherein such evidence is material and relevant to the issue being tried."

We do not pass on the question of whether the 2 psychiatrists who were members of the sanity commission, appointed at the request of the people, were competent witnesses. Their testimony was based entirely on their observations of defendant as members of that commission.

That sanity proceeding under CL 1948, § 767.27 (Stat Ann 1954 Rev § 28.967)[3] was a proceeding preliminary to trial. In some respects it is similar to a criminal sexual psychopathic hearing under CL 1948, § 780.501 *et seq.,* as amended by PA 1950 (Ex Sess), No 25, and PA 1952, No 58 (Stat Ann 1954 Rev § 28.967[1] *et seq.*).

That act provides that the report of the psychiatrists "shall not be competent evidence in any other proceeding against accused except the hearing to inquire into his alleged psychopathy." Under that act the alleged psychopath is required to answer questions put to him by the psychiatrists, but the act states that "such examination shall not violate common-law privileges or constitutional privileges against self-incrimination." Therefore, we reserve decision on the right of the people to use the testi-

---

[3] PA 1966, No 266 repealed CL 1948, § 767.27 and provided a new procedure for determining competency of a person accused of a crime to stand trial. The act provides that diagnostic report and recommendations are to be transmitted to the committing court and shall be admissible as evidence in the hearing on competency, "but not for any other purpose in the pending criminal proceeding." The act is silent as to the use of testimony of those persons preparing the diagnostic report in a criminal proceeding.

mony of the examining psychiatrists. That question is not before us. It was not raised on trial.

The judgment of the Court of Appeals is affirmed.

DETHMERS, C. J., and KELLY, BLACK, SOURIS, ADAMS, and BRENNAN, JJ., concurred with O'HARA, J.

T. M. KAVANAGH, J., concurred in the result.