PEOPLE v. WAY

1. CRIMINAL LAW—JURY—GENERAL VERDICT—CONSTITUTIONAL LAW.
   A substantial element of the constitutional right to trial by jury in criminal cases is the right of the jury to give a general verdict of not guilty on the merits.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENSES—INSANITY—GENERAL VERDICT.
   Instruction to the jury that it could not bring a general verdict of not guilty where the defendant raised the defense of insanity is reversible error.

3. CRIMINAL LAW—VERDICTS—NOT GUILTY VERDICT—GENERAL VERDICT.
   The verdict "not guilty" is neither inherently ambiguous nor void; standing alone it is not subject to any interpretation except a general acquittal.

4. CRIMINAL LAW—VERDICTS—NOT GUILTY VERDICT—GENERAL VERDICT.
   A verdict of not guilty means only that the jury concluded that the prosecution failed to prove beyond a reasonable doubt that defendant committed the act with requisite intent as charged.

5. CRIMINAL LAW—VERDICTS—NOT GUILTY VERDICT.
   Treatment by the trial court of a verdict of "not guilty" as a verdict of "not guilty by reason of insanity" in a murder case where a defense of insanity had been raised was error.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 46, 55.
[2] 21 Am Jur 2d, Criminal Law § 68.
[3–6] 53 Am Jur, Trial §§ 1036, 1060.
   21 Am Jur 2d, Criminal Law § 525.

6. CRIMINAL LAW—INSANITY—COMMITMENT.

> A prerequisite of statutory commitment to the Department of Mental Health following a criminal trial is a verdict of "not guilty by reason of insanity," and this does not apply where the jury returns the general verdict of "not guilty" (MCLA § 767.26b).

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 March 3, 1970, at Detroit. (Docket No. 6,122.) Decided March 24, 1970.

Carroll Emery Way was acquitted of first-degree murder and committed to the Department of Mental Health for treatment. Defendant appeals his commitment. Remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Philip A. Gillis,* for defendant.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

LESINSKI, C. J. Defendant Carroll Way was committed to the Department of Mental Health for treatment following his acquittal by a jury of first-degree murder. The lower court based its action on MCLA § 767.27b (Stat Ann 1970 Cum Supp § 28.966[12]).[1]

---

[1] The statute provides:

"Any person, who is tried for a crime and is acquitted by the court or jury by reason of insanity, shall be committed immediately by order of the court to the department of mental health for treatment in an appropriate state hospital, until discharged in accordance with act No 151 of the Public Acts of 1923, as amended. The person shall not be released on convalescent care or final discharge without first being evaluated and recommended for release by the center for forensic psychiatry."

Defendant brings this appeal as of right from his commitment.

Defendant was tried for the murder of his wife's paramour. At arraignment defendant stood mute and a plea of not guilty was entered. Following proper notice,[2] defendant produced evidence supporting a defense of insanity.

At the close of evidence the trial court instructed the jury that four verdicts were permissible: guilty of first-degree murder, guilty of second-degree murder, guilty of manslaughter, and "not guilty by reason of insanity." A conference between counsel and the court was held out of the hearing of the jury after the instructions. Following the conference, further instructions were given, in the course of which the court again stated there were four possible verdicts. After reiterating the three guilty verdicts previously given, however, the court then stated: "and the fourth would be not guilty."

The jury returned a verdict of "not guilty." After excusing the jury the judge stated that he interpreted the verdict as meaning "not guilty by reason of insanity"[3] and had defendant committed.

The sole issue on appeal is whether the trial court's action was correct. For the reasons set forth below, we determine that the commitment of defendant was improper and remand.

---

[2] MCLA § 768.20 (Stat Ann 1954 Rev § 28.1043).

[3] The record discloses the following colloquy:

"*The Court:* I believe that this jury found this defendant not guilty by reason of insanity, by reason of the only defense you interposed. You did not deny the doing of the act.

"*Mr. Gillis:* We did, your Honor.

"*The Court:* No. The defendant got on the stand and said he didn't remember.

"*Mr. Gillis:* A plea of not guilty denies all of the elements that the people have to prove.

"*The Court:* I think this is the proper thing to do. You may test it by a writ of habeas corpus. You will have to take the defendant into custody."

It is well settled that a jury is always legally entitled to return a general verdict of not guilty in a criminal case. In *People* v. *Clark* (1940), 295 Mich 704, 707, the Court stated:

"One of the substantial elements of the constitutional right to trial by jury is the right of the jury, in criminal cases, to give a general verdict on the merits. *Underwood* v. *People,* 32 Mich 1 (20 Am Rep 633)."

See, also, *People* v. *Young* (1969), 20 Mich App 211.

This also holds where defendant has served the required notice of intent to produce evidence supporting an insanity defense.[4] In *People* v. *Woody* (1968), 380 Mich 332, defendant gave notice of the defense of not guilty by reason of insanity. Beginning at p 337, the Court stated:

"In affirming the conviction the Court of Appeals held:
" 'The plea of not guilty by reason of insanity made the issue defendant's sanity at the time of the offense, not whether he killed his wife.'
"We feel obligated to point out that any implication from the above language that in these circumstances the jury cannot bring in a general verdict of not guilty should be dispelled. This was early decided and we do not find the holding has ever been disturbed.
"In *People* v. *Marion* (1874), 29 Mich 30, 40, 41, we said:
" 'As it is one of the most essential features of the right of trial by jury at common law, that no jury

---

[4] As observed in *People* v. *Deneweth* (1968), 14 Mich App 604, concurring opinion, Levin, J., at p 607, by way of footnote:
"In Michigan there is no such thing as a plea of not guilty by reason of insanity. A defendant who wishes to raise an insanity defense pleads not guilty or a plea of not guilty is entered for him. Where an insanity defense is interposed the judge should charge the jury that it can bring in a general verdict of not guilty (*Underwood* v. *People* [1875], 32 Mich 1) as well as a verdict of not guilty by reason of insanity. See MCLA § 767.27b and *People* v. *Dubina* (1943), 304 Mich 363."

should be compelled to find any but a general verdict in criminal cases, and the removal of this safeguard would violate its design and destroy its spirit, we cannot suppose the legislature intended to introduce such a revolution into the criminal law by any indirection.'

"In *Underwood* v. *People,* 32 Mich 1, 2, 3, we approved the holding:

" 'As suggested in *People* v. *Marion,* 29 Mich 31, one of its [trial by jury] substantial elements is the right of the jury to give a general verdict on the merits. * * * And while it is not competent to prevent an acquittal on a reasonable doubt of insanity, which would require a general verdict of not guilty, yet if the jury agree that the prisoner was insane, and that he would have been guilty if not so, they are undoubtedly at liberty, though they cannot be compelled, to find that fact specially.'

"To the extent then that the language of the Court of Appeals be read to mean the contrary, we disapprove it."

This Court applied the *Woody* decision in *People* v. *Deneweth* (1968), 14 Mich App 604, holding it to be reversible error for the trial court to instruct the jury that it could not bring in a general verdict of not guilty where defendant raised the defense of insanity.

Therefore, the jury was legally entitled to return a verdict of not guilty.

The interpretation of the "not guilty" as "not guilty by reason of insanity" by the trial court was improper. It assumed that the jury was required to make a factual determination that defendant committed the killing and that the only question was his sanity. As noted above, however, this assumption was specifically rejected by the Supreme Court in *Woody, supra.* Moreover, in *People* v. *Deneweth, supra,* concurring opinion, LEVIN, J., at p 607:

"The defendant pled not guilty. A plea of not guilty puts in issue every element of the people's case. That view of the matter is not affected by the fact that the defendant gave notice as required by the statute (MCLA § 768.20 [Stat Ann 1954 Rev § 28.1043]) of his intention to introduce evidence in support of an insanity defense."

The verdict "not guilty" is neither inherently ambiguous nor void.[5] Standing alone it is not subject to any interpretation except a general acquittal. It means only that the jury concluded that the prosecution failed to prove beyond a reasonable doubt that defendant committed the act with requisite intent as charged.

MCLA § 767.27b (Stat Ann 1969 Cum Supp § 28-.966[12]) provides in pertinent part:

"Any person, who is tried for a crime and is acquitted by the court or jury *by reason of insanity,* shall be committed immediately by order of the court to the department of mental health." (Emphasis supplied.)

The statute clearly requires a verdict of "not guilty by reason of insanity" as a prerequisite of commitment under its provisions. The statute may not be applied where the jury returns a verdict of "not guilty."

On remand the trial court will enter its order releasing defendant from the Department of Mental Health.

Remanded for actions consistent with this opinion.

All concurred.

---

[5] *Cf: People* v. *Young* (1969), 20 Mich App 211.