PEOPLE v McLEOD

1. CRIMINAL LAW—GUILTY BUT MENTALLY ILL—CONDITION PRECEDENT —STATUTES.

The verdict of guilty but mentally ill requires, as a condition precedent, that the trier of fact find beyond a reasonable doubt: (1) that the defendant is guilty of an offense, (2) that the defendant was mentally ill at the time of the commission of that offense, and (3) that the defendant was not legally insane at the time of the commission of that offense (MCLA 768.36; MSA 28.1059).

2. CRIMINAL LAW—GUILTY BUT MENTALLY ILL—POST-SENTENCE TREATMENT—STATUTES.

A trial judge's conclusion that the statute allowing a verdict of guilty but mentally ill is unconstitutional because it is impossible to comply with the statutory requirements relating to post-sentence treatment of a person found guilty but mentally ill is inaccurate and premature where the defendant has not been sentenced under the statute and, therefore, it is impossible to know which portions of the statute will apply to that defendant and how they will be applied (MCLA 768.36; MSA 28.1059).

3. STATUTES—CRIMINAL LAW—CONSTITUTIONAL LAW—APPEAL AND ERROR—GUILTY BUT MENTALLY ILL.

A statute must be treated with the deference due to a deliberate action of a coordinate branch of state government and the conflict between the statute and the constitution must be clear and inevitable before the statute will be struck down as unconstitutional; the Court of Appeals will not find the statute unconstitutional where at the time and on the record before the Court there is no such clear and inevitable conflict between the statute allowing a verdict of guilty but mentally ill and the constitution (MCLA 768.36; MSA 28.1059).

Appeal from Recorder's Court of Detroit, Susan

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 31 et seq., 106.
[2, 3] 21 Am Jur 2d, Criminal Law § 31.

D. Borman, J. Submitted May 12, 1977, at Detroit. (Docket No. 30538.) Decided August 9, 1977.

Joseph McLeod was convicted of arson, but found mentally ill. The trial court, on its own motion, set aside its verdict and ordered a new trial. The people appeal by leave granted. Order granting new trial reversed and the matter remanded for sentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Leitman and Roeser,* for defendant.

Before: BASHARA, P. J., and QUINN and BEASLEY, JJ.

BEASLEY, J. Defendant, Joseph McLeod, was charged with arson in violation of MCLA 750.72; MSA 28.267.

He waived a jury trial and filed notice of intention "to advance the defense of not guilty by reason of insanity".[1] Trial commenced on May 12, 1976, continued on May 13, 1976, and was completed on May 17, 1976. The trial court found defendant guilty of arson, but mentally ill[2] and

---

[1] This quote is from the Notice of Defense of Insanity dated March 29, 1976, and filed by counsel for defendant.

[2] The file jacket shows a verdict on May 17, 1976, as follows:

"Court finds deft. guilty of burning a dwelling house or contents but mentally ill."

The record does not indicate a bench pronouncement of such verdict or a written verdict at that time. This appeal comes before this court on a record which does not include a transcript of the trial. This court assumes the trial record was not transcribed. During oral argument, request was made of counsel for a transcript of the trial judge's

undertook on its own motion to hear the testimony of three psychiatrists regarding the treatment defendant might reasonably be anticipated to receive as a guilty but mentally ill felon.

This verdict of guilty, but mentally ill, which is new to Michigan law, was created by 1975 PA 180, immediate effect, July 25, 1975,[3] and requires specific findings by the trial judge as a condition precedent to the verdict of guilty but mentally ill.

Subsequently, on September 21, 1976, the trial judge filed a written opinion, finding as follows:

"It is held, therefore, that subsection (3) of Section 36 of PA 1975, No. 180 (MCLA 768.36) is legally inert and cannot be given judicial implementation for the reason that compliance with its provisions as to treatment is impossible and the Court is thereby deprived of its authority to enter a judgment of guilty but mentally ill and to sentence thereunder. Even if this were not the case, Sections 29a(2) and 36 are unconstitutional for the reasons above stated.

"Accordingly, the verdict of guilty but mentally ill is hereby set aside and declared a nullity and a new trial is ordered."[4]

The trial judge's opinion and order were made

findings and verdict. On May 17, *1977,* subsequent to oral argument on appeal, the trial judge made a finding that defendant was "legally sane" at the time of committing the act and that he was guilty but mentally ill.

[3] 1975 PA 180, § 36; MCLA 768.36; MSA 28.1059:

"(1) If the defendant asserts a defense of insanity in compliance with section 20a, the defendant may be found 'guilty but mentally ill' if, after trial, the trier of fact finds all of the following beyond a reasonable doubt:

(a) That the defendant is guilty of an offense.

(b) That the defendant was mentally ill at the time of the commission of that offense.

(c) That the defendant was not legally insane at the time of the commission of that offense."

[4] The record does not indicate that defendant filed a motion for new trial.

*sua sponte;* no petition for new trial was filed by defendant. From the order entered in accordance with the trial judge's opinion, the prosecutor filed an emergency petition for leave to appeal. Thus, the matter is here on leave to appeal granted.

For purposes of appeal, we accept the tardy findings of fact made on May 17, 1977, after oral argument on appeal, as a statutory basis for the verdict of guilty but mentally ill.

We limit our ruling to the matters before us. Consequently, in the absence of any petition by defendant delineating reasons for new trial, we only consider those matters alluded to by the trial judge in her opinion. We specifically do not express any opinion as to any matters which are not in the record furnished us. We do not believe that the cause of justice will be served by our *sua sponte* raising issues that have not been pleaded, briefed or argued.

We direct our attention to the trial judge's opinion and find that matters relating to post-sentence treatment, or lack of treatment, are prematurely raised. The reasons asserted by the trial judge for her finding of unconstitutionality are premature in that they all relate to speculation that the Department of Corrections or the Department of Mental Health will not pay heed to the statute. While future events may prove the trial judge was correct in her surmise, to conclude that compliance with the statute is "impossible" is inaccurate.

It must be specifically noted that defendant has not been sentenced under the statute; therefore, it is impossible to know which portions of it will apply to him and how they will be applied. For example, if defendant is committed to the custody of the Department of Corrections, the statute indicates that he will receive further psychiatric eval-

uation. Assuming that the evaluation will result in a recommended special treatment plan,[5] the plan may be one that can be easily implemented by obtaining the services of psychiatric personnel from outside of the Department of Corrections or by employment of existing or additional personnel inside of the department. At this stage of the proceedings, without even the knowledge of how many defendants will be sentenced under the statute, it is not for us to guess whether or not the Department of Corrections will engage private psychiatrists to supplement the state facilities already available or in what other ways compliance with the statute will be possible.

It is well settled that a statute must be treated with the deference due to a deliberate action of a coordinate branch of our state government and that the conflict between the statute and the constitution must be clear and inevitable before the statute will be struck down as unconstitutional. *Township of Dearborn v Dearborn Township Clerk,*[6] *People v Guerrero.*[7] At this time and on this record, we do not find such clear and inevitable conflict between the questioned statute and the constitution. We, therefore, decline to hold this statute unconstitutional as to this defendant. In so doing, we are not without sympathy for the commendable objectives for which the trial judge has striven.

The order of the trial judge granting defendant a new trial is reversed and this cause remanded to the trial court for imposition of sentence.

[5] One psychiatrist has already testified that there is no known cure for defendant's condition and that custody itself will be the only treatment possible. If that testimony gives an accurate indication of what defendant's treatment plan will be like, it would appear that the Department of Corrections would have to do very little for this defendant under the statute.

[6] 334 Mich 673, 680; 55 NW2d 201 (1952).

[7] 57 Mich App 316, 319; 225 NW2d 746 (1975).