PEOPLE v DESI JACKSON

1. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATUTES—STATUTORY CLASSIFICATION.

A statute does not violate the equal protection clause merely because the Legislature does not make every single category absolutely airtight and all inclusive in order to keep every classification reasonable and nonarbitrary.

2. STATUTES—STATUTORY CLASSIFICATIONS—LEGISLATURE.

The Legislature is the proper body to determine if classifications should be adopted.

3. CRIMINAL LAW—STATUTES—GUILTY BUT MENTALLY ILL—CONSTITUTIONAL LAW—ARBITRARY CLASSIFICATION.

The statutory classification of "guilty but mentally ill" as an alternative to the classifications of guilty and not guilty by reason of insanity is not an arbitrary or unreasonable classification; the fact that one must plead insanity as a defense before one can be found to be guilty but mentally ill does not invalidate the statute.

4. CRIMINAL LAW—GUILTY BUT MENTALLY ILL—STATUTES—STANDING —SENTENCE.

A defendant who was found guilty but mentally ill and was sentenced to prison does not have standing to challenge the five-year mandatory probation provided for in the statute which authorizes the guilty but mentally ill verdict because the defendant was given a prison sentence, not probation (MCLA 768.36; MSA 28.1059).

5. CONSTITUTIONAL LAW—CRIMINAL LAW—DUE PROCESS—STATUTES— GUILTY BUT MENTALLY ILL.

The statute which allows a verdict of "guilty but mentally ill" under appropriate circumstances in a criminal case is not unconstitutional under the due process clause (MCLA 768.36; MSA 28.1059).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 3] 21 Am Jur 2d, Criminal Law §§ 229–231, 582.
[3–5] 21 Am Jur 2d, Criminal Law § 31 *et seq.*

Appeal from Gratiot, Leo W. Corkin, J. Submitted November 8, 1977, at Grand Rapids. (Docket No. 77-130.) Decided December 6, 1977.

Desi S. Jackson was tried for assault with intent to commit murder and was found guilty but mentally ill and sentenced to prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard D. Gay,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, *Thomas C. Nelson,* Assistant Attorney General, of counsel), for the people.

*Montigel, Mackie & Harris,* for defendant on appeal.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and R. B. MARTIN,* JJ.

PER CURIAM. The defendant was found "guilty but mentally ill" after a trial for assault with intent to commit murder. He was sentenced to prison and appeals. His principal claims are that MCLA 768.36; MSA 28.1059 is unconstitutional under the due process and equal protection clauses of our constitution.

Is defendant deprived of his right to equal protection by the classification of "guilty but mentally ill"? We think not. Defendant complains that a person who is mentally ill at the time of his committing a crime who does not plead insanity can't be found "guilty but mentally ill" under our statute. This is true. The Legislature does not have to make every single category absolutely airtight and all inclusive in order to keep the classification

---

* Circuit judge, sitting on the Court of Appeals by assignment.

reasonable and nonarbitrary. *People v Murphy,* 364 Mich 363; 110 NW2d 805 (1961), *People's Appliance, Inc v City of Flint,* 358 Mich 34; 99 NW2d 522 (1959). The Legislature created definitions for certain crimes but then said people could be excused from the commission of these crimes if they were insane at the time of the commission. The Legislature, after many years and much pressure, created an in-between classification—those mentally ill but not legally insane at the time of the commission of the offense. They created special rules as to their disposition after a finding to that effect.

There are reasons for such a classification. Some find reasons not to have it. The Legislature is the proper body to determine if classifications should be adopted. It is not an arbitrary or unreasonable classification.

Defendant does not have standing to challenge the mandatory 5 years probation provision as he was sentenced to prison.

The fact that one must plead insanity before one can be found "guilty but mentally ill" does not invalidate the statute. The Legislature had a right to make such a classification that was not all-inclusive. This Court is sure that if the defendant's counsel thought his client was mentally ill at the time of the crime, he would plead insanity in order to get a verdict of "guilty but mentally ill". If defendant is claiming insanity at the time of the offense and it is factually possible that he was sane and guilty but mentally ill at the time of the commission of the offense, the Legislature can insist on such a classification.

Defendant complains that the trier of the fact "may" find the defendant guilty but mentally ill and not that it "must" find him guilty but men-

tally ill. A trial judge who must state his factual findings may find it difficult to have all the elements of "guilty but mentally ill" proven and not make such a conclusion. However, if he acquits despite such findings, the acquittal stands. Jurors, who make no detailed findings of fact, can certainly be instructed "that if the required elements are proven beyond a reasonable doubt, your verdict will be 'guilty but mentally ill' ".

Defendant claims the statute is unconstitutional under the due process clause of the constitution. We decide this case on the record submitted on the appeal from the trial court. *People v McLeod,* 77 Mich App 327, 258 NW2d 214 (1977), refutes defendant's claim. Our factual situation is even more adverse to the defendant's position.

Defendant alleges the trial court erred in not amplifying the instructions relative to insanity. The defendant, at trial, neither objected to the charge as given nor offered additional instructions. The charge correctly stated the law. There was no error.

Affirmed.