PEOPLE v MARVIN WHITE

1. CRIMINAL LAW—ELEMENTS OF CRIME—BURDEN OF PROOF—PROSE-
   CUTORS.

   The burden is on the prosecution in a criminal case to prove
   every element of the crime charged.

2. CRIMINAL LAW—DEFENSES—INSANITY—PRESUMPTIONS—EVIDENCE—
   BURDEN OF PROOF.

   A defendant in a criminal action is presumed sane but this
   presumption can be rebutted by offering evidence to the con-
   trary; when this is done, the prosecution has the burden of
   persuading the trier of fact beyond a reasonable doubt of the
   defendant's sanity.

3. CRIMINAL LAW—DEFENSES—INSANITY—SPECIAL VERDICTS—BURDEN
   OF PROOF—GENERAL VERDICTS.

   The not guilty by reason of insanity verdict is not a special
   verdict which relieves the prosecution of its burden to prove
   every element of the crime charged beyond a reasonable doubt;
   as long as the trier of fact is aware that there is an alternative
   of returning a general verdict of not guilty, there is no constitu-
   tional due process problem with returning a special verdict of
   not guilty by reason of insanity.

4. CONSTITUTIONAL LAW—EQUAL PROTECTION—INSANITY—STATUTES—
   TESTS.

   The statute providing for a not guilty by reason of insanity
   verdict is not violative of the constitutional principle of equal
   protection under law under the substantive-relation-to-the-ob-
   ject test (MCLA 768.29a; MSA 28.1052[1]).

Appeal from Recorder's Court of Detroit, George
W. Crockett III, J. Submitted December 14, 1977,

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 449.
[2] 21 Am Jur 2d, Criminal Law §§ 45, 50, 52, 70.
[3, 4] 21 Am Jur 2d, Criminal Law § 46.

at Detroit. (Docket No. 77-2548.) Decided February 7, 1978.

Marvin White was found not guilty by reason of insanity of the crime of assault with intent to murder and committed to the Center for Forensic Psychiatry. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert J. Sheiko,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: N. J. KAUFMAN, P. J., and BRONSON and D. E. HOLBROOK, JJ.

PER CURIAM. Defendant was charged with assault with intent to commit murder, MCLA 750.83; MSA 28.278. Sitting without a jury, the trial court found that defendant was insane at the time of the crime charged and entered a verdict of "not guilty by reason of mental illness", and ordered that defendant be committed to the custody of the Center for Forensic Psychiatry for a period not to exceed 60 days pursuant to the provisions of MCLA 330.2050; MSA 14. 800 (1050). From that finding, defendant appeals by right.

Prior to trial, defendant filed a notice of intention to raise the defense of insanity. His motion for leave to retain the services of a psychiatrist was granted. The psychiatrist testified that defendant was legally insane at the time the crime was committed.

Defendant also filed a motion seeking an order declaring unconstitutional MCLA 768.29a; MSA

28.1052(1), which provides for a verdict of not guilty by reason of insanity. That motion was denied by the trial court. On appeal, defendant renews his challenge to the constitutionality of the statute.

Defendant first contends that the form of the verdict under MCLA 768.29a; MSA 28.1052(1) impliedly casts the burden of proving insanity on him. We cannot agree. In this state, in a criminal case, the burden is on the prosecution to prove every element of the crime charged. *People v Eddington,* 387 Mich 551; 198 NW2d 297 (1972).

The precise issue, about which defendant complains, was settled early in our jurisprudence. In *People v Garbutt,* 17 Mich 9, 23 (1868), the Supreme Court concluded:

> "[The jury] are at liberty to rest upon the presumption of sanity until proof of the contrary condition is given by the defense. *But when any evidence is given which tends to overthrow that presumption,* the jury are to examine, weigh and pass upon it with the understanding that although the initiative in presenting the evidence is taken by the defense, the burden of proof upon this part of the case, as well as upon the other, is upon the prosecution to establish the conditions of guilt." (Emphasis added.)

Accord: *People v Eggleston,* 186 Mich 510; 152 NW 944 (1915), *People v Krugman,* 377 Mich 559; 141 NW2d 33 (1966). This Court has also affirmed the validity of the rule. In *People v Fisk,* 62 Mich App 638, 641; 233 NW2d 684 (1975), this Court held:

> "A defendant is presumptively sane, but this presumption can be rebutted by offering evidence to the contrary; when this is done, the prosecution has the burden of persuading the trier of fact beyond a reasonable doubt of the defendant's sanity."

Thus, as the statute has been construed so as to avoid any impermissible shifting of the burden of proof, it cannot be said to violate due process on that ground.

Defendant next claims that the form of the verdict under the assailed statute is a special verdict, relieving the prosecution of its burden to prove every element of the crime charged beyond a reasonable doubt. Once again, we must disagree. This argument was also raised and rejected very early in this state's judicial history. In *Underwood v People,* 32 Mich 1, 2–3 (1875), the Supreme Court held:

"The finding of the jury is confined to the prisoner's condition at the time of the commission of the alleged criminal act. The indictment or information embraces, and can lawfully embrace, no issue except the prisoner's guilt as charged. The right of trial by jury is secured by constitutional provisions, and it would not be competent to make any substantial changes in its character. As suggested in *People v. Marion,* 29 Mich.R., 31, one of its substantial elements is the right of the jury to give a general verdict on the merits. Any collateral inquiry would be foreign to the issue. And as no insane person is subject to be put on trial, a finding that they had been trying such a person would be somewhat inconsistent with the notion that the trial could have been proper. The statute has avoided this error by confining their attention to the time of the offense; and while it is not competent to prevent an acquittal on a reasonable doubt of insanity, which would require a general verdict of not guilty, yet if the jury agree that the prisoner was insane, and that he would have been guilty if not so, they are undoubtedly at liberty, though they cannot be compelled, to find that fact specially. We cannot hold a special verdict or finding unauthorized, as the common law furnishes abundant precedents to the contrary.—1 Hale P.C., 38."

Thus, as long as the trier of fact can return a

general verdict of "not guilty", there is no constitutional due process problem with returning a special verdict of "not guilty by reason of insanity". See: *People v Woody,* 380 Mich 332; 157 NW2d 201 (1968).[1] Since, in this case, the trial court's findings of fact indicate that it was aware that it was not required to return a special verdict of not guilty by reason of insanity, but could have found defendant not guilty had the facts so warranted, we find no due process violation.

Finally, defendant argues that the "not guilty by reason of insanity" verdict deprives a defendant, who raises the defense of insanity, of equal protection of the law, since the verdict form does not pertain to any other type of defense which an accused may raise. We again disagree.

Employing the substantive-relation-to-the-object test enunciated in *Manistee Bank & Trust Company v McGowan,* 394 Mich 655; 232 NW2d 636 (1975), we believe that MCLA 768.29a; MSA 28.1052(1) is not violative of the principle of equal protection under law. The statute is merely a recognition of two basic principles. First, an insane person ought not be convicted of a crime when the person lacked the competency to form the intent to commit it. Second, where that person nevertheless poses a danger to others, protection should be afforded. By allowing a "not guilty by reason of insanity" verdict, the statute effectuates both principles.

The statute has thus survived all constitutional challenges posed by this appeal, and we affirm.

---

[1] Note should also be taken of the myriad cases from this Court which reverse or remand because the jury was precluded from bringing in a not guilty verdict. *See e.g. People v Stockwell,* 52 Mich App 394; 217 NW2d 413 (1974), *People v Way,* 22 Mich App 473; 177 NW2d 729 (1970), *People v Deneweth,* 14 Mich App 604; 165 NW2d 910 (1968), *lv den* 381 Mich 810 (1969).