PEOPLE v McCURTIS

Docket No. 31355. Submitted March 7, 1978, at Detroit.—Decided
July 5, 1978.

Myron McCurtis was charged with first-degree criminal sexual
conduct during the commission of armed robbery and with
armed robbery. He was found not guilty of armed robbery but
guilty of first-degree criminal sexual conduct during an armed
robbery, in Recorder's Court of Detroit, Michael J. Connor, J.
Defendant appeals, claiming that the jury verdicts are incon-
sistent. *Held:*

The verdicts are inconsistent. The crimes charged have to be
proved beyond a reasonable doubt and failure of the jury to
find that one· element of the crime of first-degree criminal
sexual conduct (armed robbery in this case) had been proved
beyond a reasonable doubt requires reversal of the conviction
because there was not sufficient evidence to support the convic-
tion of first-degree criminal sexual conduct.

Reversed.

D. F. WALSH, J., concurred, but would hold that retrial is
barred by the double jeopardy clause in this case, not because
the jury verdict amounted to a finding of insufficient evidence
as the majority holds but because the jury's verdict, which
failed to find one of the elements of the offense charged (armed
robbery), amounted to an acquittal. It is for this reason that the
defendant may not be reprosecuted for the same offense.

OPINION OF THE COURT

1. CRIMINAL LAW—JURY—INCONSISTENT VERDICTS—CRIMINAL SEXUAL
CONDUCT—ROBBERY—EVIDENCE.
A defendant charged with first-degree criminal sexual conduct

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 67 Am Jur 2d, Robbery § 75.
76 Am Jur 2d, Trial § 1155 *et seq.*
Inconsistency of criminal verdicts between different counts of in-
dictment or information. 18 ALR3d 259.
[2] 5 Am Jur 2d, Appeal and Error § 963.
21 Am Jur 2d, Criminal Law § 209.

because it was committed during the commission of the felony of robbery armed cannot be found not guilty of robbery armed but guilty of the first-degree criminal sexual conduct because the verdicts are inconsistent.

2. Criminal Law—Insufficient Evidence—Remand—Double Jeopardy—Appeal and Error.

A criminal conviction which is reversed by an appellate court for insufficient evidence may not be remanded for retrial; a new trial under these circumstances would result in double jeopardy.

Concurrence by D. F. Walsh, J.

3. Criminal Law—Jury—Inconsistent Verdicts—Acquittal—Reprosecution.

*A jury verdict of not guilty of armed robbery but guilty of first-degree criminal sexual conduct during the commission of the armed robbery is inconsistent; a finding that one of the elements of the criminal sexual conduct had not been established amounts to an acquittal of that charge, and once acquitted a defendant may not be reprosecuted for the same offense.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Gerald Brock,* for defendant on appeal.

Before: R. B. Burns, P. J., and Bronson and D. F. Walsh, JJ.

R. B. Burns, P. J. A jury found defendant not guilty of robbery armed, MCL 750.529; MSA 28.797, but guilty of criminal sexual conduct in the first degree, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c). He appeals, arguing the verdicts are inconsistent. We agree.

The amended information in this case charged

that defendant "did engage in sexual penetration, to wit: sexual intercourse, with the COMPLAINANT and the sexual penetration occurred under circumstances involving the commission of another felony, to wit: Robbery Armed". The jury was instructed that an element of criminal sexual conduct in the first degree was the commission of a felony; specifically, armed robbery.

From the facts adduced at trial it is readily apparent how the jury arrived at its inconsistent verdicts. The complaining witness testified that she was grabbed by defendant from an apartment vestibule, forced into a nearby alley at knifepoint raped and robbed. However, on cross-examination she was asked:

"Let me, that means you really don't know whether he took the money or not, it could have been lost, or anything could have happened to it, right?"

An objection was interposed, but the trial court allowed the question:

"Do you know if he took the money?
"No."

The jury concluded that there was a reasonable doubt as to whether defendant committed robbery armed, but concluded he committed *some* felony. However, defendant was not charged with sexual penetration under circumstances involving the commission of just any felony, but specifically with robbery armed. The jury having found one element of the crime not to have been proven beyond reasonable doubt, there was not sufficient evidence to find guilt beyond reasonable doubt of the greater offense.

In accordance with *Burks v United States,* — US

—; 98 S Ct 2141; 57 L Ed 2d 1 (1978), when an appellate court reverses a case for insufficient evidence, it would be double jeopardy to remand the case for a new trial. Therefore, the case must be reversed and the defendant discharged.

BRONSON, J., concurred.

D. F. WALSH, J. *(concurring)*. I agree with Judge BURNS that retrial is barred by the double jeopardy clause, but his reliance on *Burks v United States,* — US —; 98 S Ct 2141; 57 L Ed 2d 1 (1978), is misplaced.

The instant case was not reversed because of insufficient evidence but rather because the jury's verdict amounted to an acquittal. When the jury found the defendant not guilty of armed robbery, it necessarily found that one of the elements of the offense charged had not been established. Once acquitted, a defendant may not be reprosecuted for the same offense. *E.g. North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969).