PEOPLE v PHILPOT

Docket No. 44334. Submitted January 15, 1980, at Detroit.—Decided
    June 16, 1980.

Herman D. Philpot was convicted of assault with intent to
    murder and was also found guilty of possession of a firearm in
    the commission of a felony but mentally ill, Wayne Circuit
    Court, Michael L. Stacey, J. Defendant appeals, alleging that
    the trial court erred by not suppressing evidence of a prior
    conviction, that the people failed to prove his sanity beyond a
    reasonable doubt, and that the verdicts were inconsistent. *Held:*

    1. The fact that the prior conviction, for attempted carrying
    of a concealed weapon, was for a similar offense weighs heavily
    against admission of evidence of that conviction for impeach-
    ment purposes. In this case, however, the defendant was not
    deterred from taking the stand and the evidence of the prior
    conviction was never actually admitted. Any error in the
    judge's ruling which would have allowed the admission of the
    evidence was therefore harmless.

    2. There was sufficient evidence to support the jury's conclu-
    sion regarding the defendant's sanity.

    3. The jury's verdicts, finding the defendant guilty of assault
    and guilty but mentally ill on the felony-firearm charge, were
    inexplicably inconsistent. In order to further the legislative
    concern for treatment of those suffering mental illness, the

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 6, 7] 5 Am Jur 2d, Appeal and Error §§ 637, 838, 883.
    76 Am Jur 2d, Trial § 1155 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 55 *et seq.*
    Power of courts or other public agencies, in the absence of statutory
        authority, to order compulsory medical care for adult. 9 ALR3d
        1391.
[3] 73 Am Jur 2d, Statutes §§ 145, 146.
[4] 29 Am Jur 2d, Evidence §§ 320, 321, 327.
[5] 21 Am Jur 2d, Criminal Law §§ 50-53.
    75 Am Jur 2d, Trial §§ 366, 426.
    Modern status of rules as to burden and sufficiency of proof of
        mental irresponsibility in criminal case. 17 ALR3d 737.

jury's verdict on the assault charge should be modified to guilty of the assault but mentally ill.

Affirmed in part, reversed in part and remanded.

D. C. RILEY, J., concurred except as to the method used to correct the inconsistent verdicts. She would hold that there is no authority for augmenting the verdict on the assault charge by adding "but mentally ill"; that the Court of Appeals should not substitute its judgment of what is best for the defendant for that of the jury. Judge RILEY would normally advocate the vacation of the felony-firearm conviction in order to cure the inconsistency but in this case, wherein the defendant has already served that portion of his sentence, she sees no benefit to the defendant. She would, therefore, affirm.

### OPINION OF THE COURT

1. APPEAL — CRIMINAL LAW — INCONSISTENT VERDICTS.

The extent to which a reviewing court may interfere with a jury's verdicts, where the jury has returned inconsistent verdicts, is generally governed by well-established precepts of criminal law; a reviewing court may not, for example, impose a conviction where the jury failed to do so.

2. CRIMINAL LAW — VERDICTS — GUILTY BUT MENTALLY ILL — STATUTES.

Evaluation and treatment of a defendant are mandated where a jury returns a verdict of guilty but mentally ill (MCL 768.36; MSA 28.1059).

3. APPEAL — CRIMINAL LAW — INCONSISTENT VERDICTS — GUILTY BUT MENTALLY ILL.

An appellate court, when reviewing a jury's inconsistent verdicts finding a defendant guilty on one charge and guilty but mentally ill on another charge, should side with the jury's finding of mental illness in order to further the legislative intent to provide help to those who have committed a criminal offense while suffering from mental illness even when that mental illness cannot be said to have totally relieved the defendant from all criminal responsibility (MCL 768.36; MSA 28.1059).

CONCURRENCE IN PART, DISSENT IN PART BY D. C. RILEY, J.

4. CRIMINAL LAW — EVIDENCE — PRIOR SIMILAR OFFENSE — IMPEACHMENT.

*Similarity between a charged offense and a prior offense for which a defendant was convicted weighs heavily towards exclusion of evidence of the prior conviction for purposes of impeach-*

*ment; however, a trial court's ruling which would have allowed
admission of evidence of a prior similar offense was harmless
where the defendant was not deterred from taking the stand
and where the evidence of the prior conviction was never
actually admitted.*

5. CRIMINAL LAW — EVIDENCE — SANITY — BURDEN OF PROOF.

*Every defendant is initially presumed to be sane, however, once
any evidence is presented to suggest otherwise the burden of
proof rests on the prosecution to prove a defendant's sanity
beyond a reasonable doubt; it is solely within the province of
the trier of fact to determine whether this burden has been
met.*

6. JURY — CRIMINAL LAW — INCONSISTENT VERDICTS.

*Inconsistent verdicts may not stand unless they can be explained
on a rational basis; the proper corrective measure for inconsis-
tent verdicts is to vacate or modify the jury's decision.*

7. JURY — CRIMINAL LAW — INCONSISTENT VERDICTS — AUGMENTING
VERDICT.

*A jury verdict may not be augmented, where the jury inconsis-
tently found a defendant guilty of assault with intent to mur-
der and guilty of possession of a firearm in the commission of a
felony but mentally ill, by addition of "but mentally ill" to the
assault conviction; the proper corrective measure is vacation of
the felony-firearm conviction.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Frank J. Bernacki,* Assist-
ant Prosecuting Attorney, for the people.

*Arthur James Rubiner,* for defendant on appeal.

Before: M. J. KELLY, P.J., and BRONSON and D. C.
RILEY, JJ.

BRONSON, J. The pertinent facts are well stated
in Judge RILEY's separate opinion, and we are in
agreement with the majority of what is said there.
We are also in agreement with the position that

the verdicts in this case are inexplicably inconsistent. We differ, however, with the apparent conclusion that there is no appropriate remedy for this situation.

The concurring/dissenting opinion seems to assume that the only way in which the inconsistency could be remedied would be to vacate the "but mentally ill" portion of defendant's felony-firearm conviction. This option is declined, because it is perceived that no benefit would result to the defendant from the premature termination of the treatment mandated by the guilty but mentally ill statute. We believe that the defendant could benefit from an extension of the treatment to cover the entire period of his incarceration, and hold that the proper remedy in this case is to add on the "but mentally ill" language to his assault conviction.

Although this requires interference with the jury's verdict, such "interference" takes place in every case involving inconsistent verdicts. The problem is that the jury has returned verdicts containing a legal inconsistency, so that some interference is necessary to set matters straight. The extent of the interference is governed in most cases by well-established precepts of criminal law so that, for example, where the inconsistency is between verdicts of guilty and not guilty, the reviewing court must side with the jury's acquittal, and cannot impose a conviction where the jury failed to do so. See *People v McCurtis,* 84 Mich App 460; 269 NW2d 641 (1975).

Clearly there are differences between the verdicts of guilty and guilty but mentally ill.[1] In the

---

[1] It is interesting to note that in this case the prosecution is arguing that there are no differences between these verdicts. This contention is more often raised by defendants who claim the verdict holds out the mere illusion of meaningful evaluation and treatment. See *People*

latter, evaluation and treatment are mandated while this is not true in the former. MCL 768.36; MSA 28.1059. Furthermore, the purpose of the guilty but mentally ill verdict should require the reviewing court to side with the jury's finding of mental illness. The guilty but mentally ill statute evinces a legislative intent to provide help to those who have committed a criminal offense while suffering from mental illness even when that mental illness cannot be said to have totally relieved the defendant from all criminal responsibility. In this manner, the statute furthers the announced constitutional and legislative concern for fostering care for the mentally handicapped. See Const 1963, art 8, § 8, MCL 330.1116; MSA 14.800(116).

The jury found the defendant was mentally ill on one offense, but made no similar finding as to the other offense when there was no rational basis for such an inconsistency. Accordingly, we remand to the trial court for entry of a verdict of guilty but mentally ill on the assault charge, with leave to the prosecution, should it be persuaded that justice would be better served and on notification to the trial court before resentencing, to seek a new trial on the assault charge.[2] The verdict of guilty but mentally ill on the felony-firearm charge is affirmed.

v Ramsey, 89 Mich App 468, 472-473; 280 NW2d 565 (1979), lv den 407 Mich 861 (1979), People v McLeod, 77 Mich App 327; 258 NW2d 214 (1977), aff'd 407 Mich 632 (1980).

[2] We disagree with Judge RILEY's position that this holding amounts to a substitution of our judgment of what is best for the defendant for the judgment of the jury. The jury found defendant guilty but mentally ill on one charge but inexplicably omitted the finding of mental illness on the other. Faced with such an inconsistency, we must side with one or the other of the jury's apparent findings, and we believe that sound policy dictates siding with the finding of mental illness. Accordingly, rather than substituting our judgment for that of the jury, we are merely giving the judgment of the jury its proper scope.

Affirmed in part, reversed in part and remanded.

. M. J. KELLY, P.J., concurred.

D. C. RILEY, J. *(concurring in part; dissenting in part).* Defendant was charged in a two-count information with assault with intent to murder, MCL 750.83; MSA 28.278; and possession of a firearm in the commission of a felony, MCL 750.227(b); MSA 28.424(2). A jury found him guilty of the former charge and guilty but mentally ill of the latter charge. He was sentenced to 6 to 20 years and 2 years respectively and now appeals as of right.

Defendant initially contends that the trial court erred in refusing to suppress evidence of a prior conviction for attempted carrying of a concealed weapon. He specifically claims that the ruling was incorrect since the prejudicial effect of nonexclusion outweighed the probative effect. Despite the court's adverse ruling, however, defendant took the stand in his own behalf and evidence of the conviction was not used to impeach him.

In accord with current law, the instant trial judge noted his discretion regarding the admissibility of evidence of prior convictions. *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974). He also purported to comply with the MRE 609(a)(2) mandate that judges weigh the probative effect of admissibility against the prejudicial effect. Our courts have continually recognized that the similarity between offenses weighs heavily towards excluding evidence of prior convictions, yet the instant judge ruled that the evidence of the similar prior conviction was admissible in this case. See *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), *People v Gunter,* 76 Mich App 483; 257

NW2d ·133 (1977), *People v Townsend,* 60 Mich App 204; 230 NW2d 378 (1975).

While we are not certain that the trial court adequately balanced the factors necessary at the time of trial,[1] we are convinced that defendant suffered no prejudice because of this. Since defendant was not deterred from taking the stand due to the court's ruling, and since evidence of the conviction was never actually admitted, we believe that any error was harmless. See *People v Wilkins,* 82 Mich App 260, 271-273; 266 NW2d 781 (1978), *rev'd on other grounds* 408 Mich 69 (1980).

Defendant next asserts that the people failed to prove his sanity beyond a reasonable doubt. While every defendant is initially presumed sane, once any evidence is presented to suggest otherwise, the burden of proof rests on the prosecution to prove a defendant's sanity beyond a reasonable doubt. *People v Krugman,* 377 Mich 559, 563; 141 NW2d 33 (1966), *People v Marvin White,* 81 Mich App 335, 337; 265 NW2d 139 (1978), *People v Fisk,* 62 Mich App 638, 641; 233 NW2d 684 (1975). It is solely within the province of the trier of fact, whether it is a judge or a jury, to determine if this burden has been met. See *People v Chamblis,* 395 Mich 408, 420; 236 NW2d 473 (1975), *People v Duffy,* 67 Mich App 266, 268-269; 240 NW2d 771 (1976), *People v Tubbs,* 22 Mich App 549, 557; 177 NW2d 622 (1970). After carefully reviewing the record below, we believe that sufficient evidence was adduced to support the jury's conclusion regarding defendant's sanity.

---

[1] Recently our Court has held that the balancing of factors, specifically (1) that the conviction relates to credibility, (2) that it is more probative than prejudicial and, (3) that there is no alternative means of impeaching the defendant while protecting his right to testify, must take place on the record. *People v Joyner,* 93 Mich App 554; 287 NW2d 286 (1979). This will greatly facilitate review of the breadth and profundity of the trial judge's deliberations.

Defendant's next argument has been refuted by the Supreme Court in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), and needs no further discussion here.

Finally, defendant contends that there is reversible error based on the jury's differing verdicts of guilty on the assault charge and guilty but mentally ill on the felony-firearm conviction. The majority and I agree that these verdicts are inexplicably inconsistent. See *People v Allen,* 94 Mich App 539; 288 NW2d 451 (1980). However, we part company on what is the proper remedy for rectifying the inconsistency. The majority advocates entry of an expanded verdict; I believe that any addition would be inappropriate.

In Michigan, inconsistent verdicts may not stand unless they can be explained on some rational basis. *People v Goodchild,* 68 Mich App 226; 242 NW2d 465 (1976), *People v Fields,* 66 Mich App 347; 239 NW2d 372 (1976), *People v Ames,* 60 Mich App 168; 230 NW2d 360 (1975), *People v Johnson,* 58 Mich App 165; 227 NW2d 272 (1975), *People v Phillips,* 43 Mich App 581; 204 NW2d 250 (1972). The proper corrective measure for inconsistent verdicts is to vacate or modify the jury's decision. See *People v Vaughn,* 92 Mich App 742; 285 NW2d 444 (1979), *People v McCurtis,* 84 Mich App 460; 269 NW2d 641 (1978), *Goodchild, supra.* There is *no* authority for augmenting the verdict as the majority proposes by adding "but mentally ill" to the instant defendant's assault conviction. See *People v Way,* 22 Mich App 473; 177 NW2d 729 (1970). The fact that the evaluation and treatment triggered by such a finding would be beneficial to the accused is irrelevant. We should not substitute our judgment of what is "best" for the defendant for that of the jury.

While normally I would advocate vacation of defendant's felony-firearm conviction, under the present case's narrow factual circumstances I see no advantage to be gained from this procedure. Defendant's incarceration began in the spring of 1978, thus, his two-year felony-firearm term is nearly over. I perceive no benefit that would result to defendant if his treatment period was prematurely terminated, thus, I would not order any vacation. I would affirm.