PEOPLE v DUFFY

1. CRIMINAL LAW—DEFENSE OF INSANITY—PRESUMPTIONS—EVIDENCE
   —REASONABLE DOUBT—BURDEN OF PROOF—PROSECUTORS.

   A criminal defendant is presumed sane, but if the issue of
   insanity is properly raised evidence to rebut the presumption
   may be introduced; the prosecution must then assume the
   burden of proving sanity beyond a reasonable doubt, but it is
   not required to introduce additional or specific evidence con-
   trary to that raised by the defense.

2. WITNESSES—EXPERT WITNESSES—WEIGHT OF EVIDENCE—FINDERS OF
   FACT—DELEGATION OF AUTHORITY.

   The weight and credibility to be given to expert testimony rests
   with the fact finder and cannot be delegated under Michigan
   law.

3. CRIMINAL LAW—SENTENCES—STATUTES—MINIMUM TERM.

   A defendant's minimum sentence may not exceed 2/3 of the
   maximum (MCLA 769.8; MSA 28.1080).

Appeal from Wayne, John D. O'Hair, J. Submit-
ted November 15, 1975, at Detroit. (Docket No.
22387.) Decided February 10, 1976.

Paul D. Duffy, Jr., was convicted of kidnapping
and rape. Defendant appeals. Sentence modified
and judgment affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 62-64, 72.

[2] 31 Am Jur 2d, Expert and Opinion Evidence § 181.

[3] 21 Am Jur 2d, Criminal Law §§ 546, 547.

   Propriety of general sentence covering several counts in informa-
   tion or indictment not exceeding in aggregate the sentences
   which might have been imposed cumulatively under several
   counts. 91 ALR2d 511.

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Mihelich & Carlson,* for defendant on appeal.

Before: BASHARA, P. J., and D. F. WALSH and W. S. WHITE,* JJ.

BASHARA, P. J. Defendant was convicted by a jury of kidnapping and rape contrary to MCLA 750.349; MSA 28.581, and MCLA 750.520; MSA 28.788, and appeals.

The facts are not in dispute. Defendant appeared in the complainant's backyard, asking permission to look for his son's cat. Permission granted, the complainant returned to bed. Shortly thereafter, she heard noises in her kitchen and found the defendant there with a knife. He forced her to put on a jacket and bound her hands. The defendant drove the complaining witness to a wooded area where by his own admission he forced intercourse upon her.

The Livonia Police had been alerted by the complainant's son. They spotted the defendant returning the complainant to her home, a chase ensued resulting in defendant's arrest.

At trial defendant admitted perpetrating the acts described in the information but raised the defense that he was insane at the time of the commission of the offenses. Defendant filed proper notice of his intent to raise the defense, and two eminently qualified psychiatrists were appointed to examine him. Both doctors concurred in their

---

* Circuit judge, sitting on the Court of Appeals by assignment.

findings. They testified that the defendant could recognize the difference between right from wrong, but he could not control his psyche to such a degree as to prohibit him from committing improper sexual acts. They concluded that the defendant was insane at the time of the commission of the offense.

The complaining witness testified on cross-examination that the defendant appeared to be having a conversation with someone who was not there. The defendant testified that he had been previously charged with rape and had undergone psychiatric treatment for his assaultive behavior and for his suicidal tendencies.

The defendant contends that the trial court erred in failing to direct a verdict of not guilty by reason of insanity. He concludes, in reviewing all of the evidence, no other result could be reached except that he was insane at the time of commission of the crimes.

A criminal defendant is presumed sane, *People v Woody,* 380 Mich 332, 338; 157 NW2d 201 (1968). If the issue of sanity is properly raised, evidence to rebut the presumption may be introduced. The prosecution must then assume the burden of proving sanity beyond a reasonable doubt. *People v Krugman,* 377 Mich 559; 141 NW2d 33 (1966), *People v Livingston,* 57 Mich App 726; 226 NW2d 704 (1975).

It is true that a volume of evidence was introduced which could lead a finder of fact to conclude that the defendant was insane at the time of the commission of the offense. We also observe that the prosecutor did not introduce specific expert evidence to contradict the medical opinions propounded by the defense.

We must reject the defendant's contention for

two reasons. First, while it is true that the prosecution has the burden of proving defendant sane once the issue is properly raised it does not follow that the prosecutor must introduce additional or specific evidence contrary to that raised by the defense. The prosecution may well leave the testimony to the conclusions of the trier of fact.

Thus, even though the evidence may be supportive of the defense of insanity, it is the province of the trier of fact, be it judge or jury, to determine whether the defendant was sane or insane at the time of the commission of the crime. *People v Culpepper,* 59 Mich App 262; 229 NW2d 407 (1975), *People v McBride,* 55 Mich App 234; 222 NW2d 195 (1974).

Second, the fact that the medical experts testified that it was their opinion that defendant was insane at the time of commission cannot allow a trial judge to take away the ultimate finding of insanity from the triers of fact. The weight and credibility to be given to testimony by an expert qualified to render an opinion rests with the fact finder and cannot be delegated under Michigan law. See *People v McBride, supra.*

Defendant's final argument that he was improperly sentenced appears to have merit. The court imposed a sentence of 35 to 50 years. Under the authority of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), this violated the Indeterminate Sentencing Act, MCLA 769.8; MSA 28.1080, which mandates that a defendant's minimum term may not exceed 2/3 of the maximum or 33-1/3 years to 50 years.

Accordingly, defendant's minimum sentence is modified to 33-1/3 years pursuant to GCR 1963, 820.1(7).

Affirmed as modified.