425 Mich. 457 (1986)
390 N.W.2d 620
In re CERTIFIED QUESTION
DUFFY
v.
FOLTZ
Docket No. 78017, (Calendar No. 1).
Supreme Court of Michigan.
Argued May 7, 1986.
Decided August 5, 1986.
Arthur J. Tarnow for the petitioner.
Frank J. Kelley, Attorney General, Louis J. Caruso, Solicitor General, John D. O'Hair, Prosecuting Attorney, and Timothy A. Baughman, Chief, Criminal Division, Research, Training and Appeals, for the respondent.
RILEY, J.
This matter comes before this Court pursuant to a question certified by the United States Court of Appeals for the Sixth Circuit.[1] The question this Court has agreed to answer is whether sanity is an element of the crimes of rape and kidnapping as defined by Michigan law. We hold that sanity is not an element of these crimes and that insanity is a burden-shifting affirmative defense, placing the burden of going forward with evidence of insanity on the defendant. The defendant having done so, the burden of going forward with evidence of defendant's sanity beyond a reasonable doubt shifts to the prosecution.[2]
FACTS
In 1974, the petitioner was convicted by a jury of rape, MCL 750.520; MSA 28.788, and kidnapping, *460 MCL 750.349; MSA 28.581, upon a plea of not guilty and not guilty by reason of insanity. On his appeal as of right, the Court of Appeals affirmed his conviction, rejecting his claim that the evidence presented at trial was insufficient to establish his sanity beyond a reasonable doubt, but modified the sentence in conformity with People v Tanner, 387 Mich 683; 199 NW2d 202 (1972); People v Duffy, 67 Mich App 266; 240 NW2d 771 (1976). This Court denied a request for review on September 29, 1976.
The petitioner subsequently filed an application for leave to file a delayed motion for new trial which was denied by the trial court July 9, 1982. On November 17, 1982, the Michigan Court of Appeals denied petitioner's application for delayed appeal for lack of merit in the grounds presented, and, on September 21, 1983, this Court denied petitioner's application for leave to appeal. People v Duffy, 417 Mich 1100.19 (1983).
The petitioner then proceeded to federal district court where he filed a petition for a writ of habeas corpus, pursuant to 28 USC 2254. Petitioner alleged, inter alia, that under the circumstances presented sanity became an element of the crimes charged and that the jury could not, on the evidence, find beyond a reasonable doubt that he was sane and, therefore, his conviction violated federal due process guarantees. In a memorandum opinion dated December 6, 1984, United States District Judge Charles W. Joiner denied the petition. As to the sufficiency of the evidence argument, Judge Joiner found that the petitioner had not presented a question of federal constitutional law because, under Michigan law, sanity was not an "essential element" of the crimes of rape and kidnapping. (Citing Jackson v Virginia, 443 US 307, 319; 99 S Ct 2781; 61 L Ed 2d 560 [1979].)
*461 The petitioner appealed Judge Joiner's denial of a writ of habeas corpus in the Sixth Circuit Court of Appeals, wherein a divided court, citing People v Murphy, 416 Mich 453; 331 NW2d 152 (1982), ruled that under Michigan law sanity is an element of the crimes of rape and kidnapping and, thus, the conviction was reviewable on federal grounds upon the petitioner's filing for a writ of habeas corpus. Duffy v Foltz, 772 F2d 1271 (CA 6, 1985). The dissenting Sixth Circuit Court Judge, like the United States District Court Judge, concluded that sanity was not an element of these crimes. A petition for rehearing en banc was subsequently filed with the Sixth Circuit Court by the Attorney General of Michigan on behalf of respondent Foltz. A majority of that court voted to rehear the matter en banc and, later, to certify the question involved as a question of Michigan law. On March 14, 1986, this Court accepted the request to answer the certified question.[3] 424 Mich 1206.
DISCUSSION
Petitioner was convicted of rape under MCL 750.520; MSA 28.788,[4] and kidnapping under MCL 750.349; MSA 28.581. These statutes provide:

*462 Any person who shall ravish and carnally know any female of the age of 16 years, or more, by force and against her will, or who shall unlawfully and carnally know and abuse any female under the full age of 16 years, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years, or if such person was at the time of said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life. Such carnal knowledge shall be deemed complete upon proof of any sexual penetration however slight.
Any person who willfully, maliciously and without lawful authority shall forcibly or secretly confine or imprison any other person within this state against his will, or shall forcibly carry or send such person out of this state, or shall forcibly seize or confine, or shall inveigle or kidnap any other person with intent to extort money or other valuable thing thereby or with intent either to cause such person to be secretly confined or imprisoned in this state against his will, or in any way held to service against his will, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years.
Nowhere within the statutory language defining these crimes is sanity stated as an element. Furthermore, this Court has never interpreted these statutes to include sanity as an element.
In People v McDonald, 409 Mich 110, 121, n 9; 293 NW2d 588 (1980), we approved a trial court instruction on the elements of "rape" that did not include sanity as an element.
The trial court gave the following instruction relative to rape:
"Now for the crime of rape, the prosecution must prove each of the following elements beyond a reasonable doubt.

*463 "Now as used in this case, a male person perpetrates a rape if he engages in sexual penetration with a female person under circumstances in which force or coercion is used to accomplish the sexual penetration.
"As used in this case, sexual penetration means any intrusion however slight of a male penis into the genital opening of a female's body but emission of semen is not required.
"The term force and coercion means the actual physical force by the defendant or any action sufficient to create a reasonable fear of dangerous consequences."
Moreover, in People v Wesley, 421 Mich 375, 388-391; 365 NW2d 692 (1984), this Court construed the kidnapping statute, MCL 750.349; MSA 28.581, and, in stating the elements of the conduct prohibited by the statute, we did not list sanity as an element. Neither in the specific language of the rape and kidnapping statutes, nor in judicial interpretation of these statutes, has sanity been included as an element.
In addition, this Court, as well as the Michigan Court of Appeals, has determined insanity to be an affirmative defense. In People v Martin, 386 Mich 407, 425-426; 192 NW2d 215 (1971), this Court stated that "[i]n the light of our recent decision in People v Cole, [382 Mich 695; 172 NW2d 354 (1969)], if the people are unable to obtain a psychiatric evaluation of defendant, a plea of not guilty by reason of insanity would practically compel a verdict of not guilty by reason of insanity since the people would have no means of meeting and overcoming this affirmative defense." (Emphasis added.) More recently, the Michigan Court of Appeals in People v Walker, 142 Mich App 523, 525-526; 370 NW2d 394 (1985), also deemed insanity to be an affirmative defense.

*464 It is only when some evidence of a defendant's insanity is interjected into a case that the question arises as to who must carry the burden of proof regarding the insanity issue. Since we presume that a person is sane, one would expect that a defendant seeking to escape responsibility for criminal acts on the ground that he was insane at the time the criminal acts occurred would bear the burden of proof to establish his insanity. Usually, insanity is deemed to be an affirmative defense. In the majority of states, this is a rule, i.e., a defendant claiming insanity has the burden of proof to show his insanity.
* * *
As previously indicated, the defense of insanity is essentially an affirmative defense, pled to avoid responsibility for criminal acts or, to use the terminology of proponents of the rule, to avoid the consequences of acts otherwise criminal. [Emphasis added.]
See also People v Chamblis, 395 Mich 408, 423; 236 NW2d 473 (1975), People v Jordan, 51 Mich App 710, 717; 216 NW2d 71 (1974), and People v Stoddard, 48 Mich App 440, 446-447; 210 NW2d 470 (1973).
The petitioner argues that Murphy, supra, is authority for concluding that sanity is an element that must be proved beyond a reasonable doubt. Petitioner points to the following language in Murphy, 463-464:
A defendant in a criminal proceeding is presumed sane. Once any evidence of insanity is introduced, however, the prosecution bears the burden of establishing defendant's sanity beyond a reasonable doubt. People v Krugman, 377 Mich 559, 563; 141 NW2d 33 (1966), People v Garbutt, 17 Mich 9, 23 (1868). The prosecution does not argue that defendant failed to controvert the presumption of sanity. Thus, defendant's sanity at the *465 time of the crime was as much an element to be proved by the prosecution beyond a reasonable doubt as the other statutory elements of the offenses charged. [Emphasis added.]
We believe, however, that petitioner misconstrues this Court's reasoning in Murphy. The language in this paragraph is premised upon the distinction between the prosecutor's burden of producing evidence and the prosecutor's burden of persuading the factfinder:
It is everywhere agreed that the prosecution has the burden of proving each of the various elements of the offense in both burden-of-proof senses: it must, to avoid a directed verdict of acquittal, produce evidence of each element; and it must, to secure a conviction, convince the trier of fact of the existence of each element beyond a reasonable doubt. [LaFave & Scott, Criminal Law, pp 45-46.]
The substance of the paragraph cited in Murphy equates sanity as an "element" inasmuch as it must be proved by the prosecution along with the statutory elements pursuant to the burden of proof requirement "beyond a reasonable doubt." This Court did not intend for sanity to be considered an "element" in the same context as the statutory elements of a crime for the purposes of the burden of going forward. Murphy sets forth the rule that, once the issue is raised and evidence of insanity is presented by the defendant, the prosecutor then must go forward and produce evidence beyond a reasonable doubt that the defendant was sane at the time the crime was committed. The same burden of proof which the prosecutor must carry in proving the elements of a crime is applicable in establishing the defendant's sanity. However, this burden of going forward and establishing defendant's *466 sanity beyond a reasonable doubt only arises following the defendant's introduction of evidence of insanity (i.e., affirmative defense), which is not true of the stated elements of an offense. The prosecution must prove the elements of a crime beyond a reasonable doubt even if the defendant does not introduce any evidence whatsoever. Indeed, this Court determined in People v Savoie, 419 Mich 118; 349 NW2d 139 (1984), that the trial court properly declined to instruct the jury on the "defense of insanity," id., 121, because the defense had presented no evidence that defendant was insane as legally defined, and absent such evidence no instruction was necessary. Id., 130.
Moreover, in People v Woody, 380 Mich 332, 338; 157 NW2d 201 (1968), we stated:
One of those issues was the sanity of the defendant at the time of the commission of the act involved. In this respect the Court of Appeals was correct in its holding that the testimony was material. Despite the service of the notice of the defense of insanity, the defendant was presumed to be sane until evidence was introduced in his behalf to overcome the presumption. See People v Eggleston, 186 Mich 510, 514 [152 NW 944 (1915)]. When the defense-called psychiatrist testified that in his opinion the defendant was legally insane, it became the burden of the people to prove his sanity, like every other element of an offense, beyond a reasonable doubt.
As with Murphy, supra, Woody provides that, while the prosecution is required to prove sanity beyond a reasonable doubt as with the elements of a crime, the prosecution has no burden of going forward and proving sanity beyond a reasonable doubt until the defendant first raises the issue and presents evidence of insanity. See also People v *467 Williams, 218 Mich 697; 188 NW 413 (1922), People v Sargeant, 65 Mich App 691; 238 NW2d 175 (1975), and People v Plummer, 37 Mich App 657; 195 NW2d 328 (1972).[5]
CONCLUSION
In reviewing the specific language and judicial interpretation of the rape and kidnapping statutes at issue in this case, along with Michigan case law addressing the sanity/insanity issue, this Court can only conclude that sanity is not an element of these crimes, but, rather, a burden-shifting affirmative defense. And, because it is a burden-shifting affirmative defense, the defendant first must raise the issue and present evidence of insanity before the prosecution is required to go forward and prove the defendant's sanity beyond a reasonable doubt.
Due process always requires proof beyond a reasonable doubt of all the elements of a crime, i.e., those facts included in the definition of the offense with which the defendant is charged. While there are constitutional limits to the state's power to define an offense, principles of federalism require deference to the state legislature's decision in this regard. The applicability of the due process reasonable doubt standard is therefore usually dependent on how the state defines the elements of the offense. The fact that this jurisdiction, like most others in this country, recognizes that the prosecution shoulders the burden of proving sanity beyond a reasonable doubt once evidence of insanity is introduced does not mean that the Legislature could not shift that burden to the defendant *468 to prove insanity by a preponderance of evidence. If it chose to do so, such a statute would not offend the Due Process Clause of the United States Constitution, Patterson v New York, 432 US 197; 97 S Ct 2319; 53 L Ed 2d 281 (1977); Leland v Oregon, 343 US 790; 72 S Ct 1002; 96 L Ed 1302 (1952). To conclude otherwise would be to "constitutionalize" every subsidiary fact and, thus, legislative development of the criminal law would be carved in stone.
Therefore, our answer to the question certified to this Court by the United States Court of Appeals for the Sixth Circuit is: Sanity is not an element of the crimes of rape and kidnapping in Michigan.
WILLIAMS, C.J., and BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with RILEY, J.
ARCHER, J. (concurring).
I concur with the majority in this case. I write separately to emphasize the following.
A defendant's sanity is not an element of the crimes of rape and kidnapping. The prosecution does not have the burden of proving the defendant sane beyond a reasonable doubt in its case in chief. As the majority states, a defendant's insanity is an affirmative, burden-shifting defense. Once a defendant raises the issue and presents any evidence of insanity, the issue of defendant's sanity then functions as an element because the prosecution is now required to prove beyond a reasonable doubt that defendant was sane at the time the charged offense occurred.
As this Court stated in People v Murphy, 416 Mich 453, 463-464; 331 NW2d 152 (1982):
A defendant in a criminal proceeding is presumed sane. Once any evidence of insanity is *469 introduced, however, the prosecution bears the burden of establishing defendant's sanity beyond a reasonable doubt. People v Krugman, 377 Mich 559, 563; 141 NW2d 33 (1966), People v Garbutt, 17 Mich 9, 23 (1868).... The presumption of sanity ... is merely procedural and has no weight as evidence. "[T]he prosecution are at liberty to rest upon the presumption that the accused was sane, until the presumption is overcome by defendant's evidence," Garbutt, p 22, meaning that the presumption vanishes and has no continued significance.
LEVIN, J., concurred with ARCHER, J.
NOTES
[1] When a federal court or state appellate court considers a question that Michigan law may resolve and that is not controlled by Michigan Supreme Court precedent, the court may on its own initiative or that of an interested party certify the question to the Michigan Supreme Court. [MCR 7.305(B)(1).]
[2] Petitioner also argues that he was convicted with insufficient evidence of his sanity, thus depriving him of his constitutional right to due process of law. However, neither this issue nor any other issue associated with the insanity defense is before us. The sole question before this Court is the certified question: Is sanity an element of the crimes of rape and kidnapping? Therefore, we do not address the petitioner's contention that his sanity was not established by the prosecution beyond a reasonable doubt.
[3] order of the Court, on the Court's own motion, the order of March 5, 1986, is reconsidered and is hereby VACATED. Pursuant to MCR 7.305(B), the Court accepts the request to answer the certified question. The parties are directed to furnish printed briefs and appendices in conformity with MCR 7.305(B)(3) as soon as practicable and the Clerk is directed to place this cause on the next available session calendar for oral argument and submission.
[4] The "rape" statute in existence at petitioner's trial, MCL 750.520; MSA 28.788, was repealed by 1974 PA 266 and replaced by the new criminal sexual conduct statute, MCL 750.520a et seq.; MSA 28.788(1) et seq.
[5] See MCL 768.20a; MSA 28.1043(1), for the procedures applicable to a criminal case wherein the defense of insanity is raised by the defendant.