PEOPLE v PHIL CLARK

Docket No. 98414. Submitted July 13, 1988, at Detroit. Decided
    October 3, 1988. Leave to appeal applied for.

A jury in Detroit Recorder's Court found Phil Clark guilty but
    mentally ill on eight counts of armed robbery and guilty on one
    count of possession of a firearm during the commission of a
    felony. The Court of Appeals, in an unpublished opinion, de-
    cided November 6, 1985 (Docket No. 76059), reversed the con-
    victions and remanded for a new trial, holding that the jury
    instructions on defendant's insanity defense were improper. On
    retrial, the court, Lawrence D. Silverman, J., permitted the
    jury to consider four verdicts on the armed robbery counts: (1)
    guilty; (2) guilty but mentally ill; (3) not guilty by reason of
    insanity; and (4) not guilty. The jury returned a verdict of
    guilty but mentally ill on all counts. Defendant was sentenced
    to a two-year prison term for felony-firearm, to be followed by
    concurrent terms of twenty to forty years for the armed rob-
    bery convictions. Defendant appealed.

    The Court of Appeals held:

    1. Defendant's rights to due process and his double jeopardy
    protections were not violated when at retrial the jury was
    permitted to consider a verdict of guilty as charged. The jury at
    retrial was not precluded from considering a guilty verdict by
    virtue of the guilty but mentally ill verdict in the first trial.

    2. Defendant's claim that his due process rights were violated
    because the jury reached a compromise verdict is without merit
    in the absence of other error which, in light of the possibility of
    a compromise, prejudiced defendant.

    3. The trial court did not err in denying defendant's motion
    for a directed verdict that he was not guilty as charged. The
    testimony of various lay and expert witnesses presented by the
    prosecution and the defense left open the question of whether

REFERENCES

Am Jur 2d, Criminal Law §§ 41, 56 et seq., 266 et seq., 314.

Comment Note.—Mental or emotional condition as diminishing
    responsibility for crime. 22 ALR3d 1228.

Propriety of increased punishment on new trial for same offense. 12
    ALR3d 978.

defendant was mentally ill at the time of the offenses. Thus, the trial court correctly submitted the mental illness issue to the jury.

4. Sufficient reasons were given for the imposition of sentences greater than those which followed the first trial. The sentences were not shocking to the judicial conscience of this Court.

Affirmed.

1. CRIMINAL LAW — INSANITY — RETRIAL — GUILTY BUT MENTALLY ILL.

A verdict of guilty but mentally ill following a trial does not preclude a jury on retrial from considering a verdict of guilty as charged.

2. CRIMINAL LAW — INSANITY — MENTAL ILLNESS — GUILTY BUT MENTALLY ILL.

A defendant who raises an insanity defense may be found guilty but mentally ill if the trier of fact finds beyond a reasonable doubt that the defendant is guilty of an offense and was mentally ill but was not legally insane at the time the offense was committed; a person is legally insane if, as a result of mental illness, he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law; mental illness is a substantial disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life (MCL 330.1400a, 768.36[1]; MSA 14.800[400a], 28.1059[1]).

3. CRIMINAL LAW — SENTENCING — RETRIAL — INCREASED SENTENCES.

Vindictiveness cannot be presumed from the imposition at retrial of a sentence greater than that originally imposed where retrial is before a different judge.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*), for defendant on appeal.

Before: Gribbs, P.J., and Shepherd and J. R. Cooper,* JJ.

Shepherd, J. Following a jury retrial, defendant was convicted of eight counts of armed robbery, MCL 750.529; MSA 28.797, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On each count, the jury found defendant guilty but mentally ill, MCL 768.36; MSA 28.1059. Defendant was sentenced to two years' imprisonment for the felony-firearm conviction, to be followed by concurrent sentences of twenty to forty years' imprisonment for the armed robbery convictions. Defendant appeals as of right from his convictions and sentences, raising three issues. We affirm.

On February 6, 1983, defendant entered a Kingdom Hall of Jehovah's Witnesses in Detroit, pulled out a pistol, and ordered seven congregation members in the lobby to put their wallets, watches and other jewelry into his bag. After the members complied, defendant left the building and robbed an eighth congregation member in the parking lot.

In October, 1983, a jury found defendant guilty but mentally ill of eight counts of armed robbery and guilty as charged on the felony-firearm charge. This Court, in an unpublished opinion, decided November 6, 1985 (Docket No. 76059), reversed the convictions and remanded for a new trial based on improper jury instructions on defendant's insanity defense. On retrial in 1986, the jury was permitted to consider four verdicts on the armed robbery counts: (1) guilty; (2) guilty but mentally ill; (3) not guilty by reason of insanity; and (4) not guilty. The jury returned a verdict of guilty but mentally ill.

On appeal, defendant contends that the trial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court violated his due process rights and double jeopardy protections by allowing the jury to consider a verdict of guilty as charged of armed robbery. Although defendant did not raise these constitutional issues below, we will review the issues to avert any miscarriage of justice. *People v Lumsden,* 168 Mich App 286, 292-293; 423 NW2d 645 (1988).

The Double Jeopardy Clauses of the United States and Michigan Constitutions protect against both multiple prosecutions and multiple punishments for the "same offense." *People v Wakeford,* 418 Mich 95, 103; 341 NW2d 68 (1983). A conviction on a lesser included offense implicitly acquits a defendant on the greater offense and, thus, if there should be a retrial, the greater offense cannot be included in the charge. *People v Wilder,* 411 Mich 328; 308 NW2d 112 (1981); *People v Deneweth,* 14 Mich App 604; 165 NW2d 910 (1968), lv den 381 Mich 810 (1969). On retrial on the charges that remain, the case stands procedurally as though there had been no prior trial, although the trial judge in the second trial is bound by any determinations made on appeal. *People v Yacks,* 49 Mich App 444, 446-447; 212 NW2d 249 (1973), lv den 400 Mich 842 (1977).

Here, defendant was tried both times for armed robbery, and the jury convicted defendant of armed robbery. The fact that the jury found defendant guilty but mentally ill at the first trial did not preclude the jury's consideration of a guilty as charged verdict on retrial since armed robbery, and not the guilty but mentally ill verdict, was the offense defendant was charged with. The purpose of a guilty but mentally ill verdict is to ensure that a criminally responsible but mentally ill defendant receives treatment. *People v Blue,* 428 Mich 684, 693-694; 411 NW2d 451 (1987). It does

not create a substantive offense and, contrary to defendant's suggestion, is not a verdict of lesser culpability.

Accordingly, we hold that in a retrial of a case where a jury previously found the defendant guilty but mentally ill of the offense the jury is not precluded in the second trial from considering a verdict of guilty as charged. Whether or not the second jury can also consider the guilty but mentally ill verdict will depend on whether the defendant again chooses to present an insanity defense. See MCL 768.36(1); MSA 28.1059(1). If the defendant does choose to present an insanity defense, the verdict of guilty as charged can again be submitted to the jury for consideration without violating the constitutional guarantee against multiple prosecutions for the "same offense."

We find no merit in defendant's contention that his due process rights were violated because, it is claimed, the jury compromised the verdict and may have returned a verdict of not guilty by reason of insanity had the verdict of guilty as charged not been submitted to the jury. The possibility of jury compromise is present in every case. *People v Ramsey,* 422 Mich 500, 515-516; 375 NW2d 297 (1985). Unless defendant demonstrates other error which, in light of the possibility of a compromise, could have prejudiced defendant, we must reject defendant's due process argument. *Id.,* p 516. Defendant's argument that the jury's questions during deliberations and its intermediate verdict showed that the jury had difficulty in reaching a verdict does not demonstrate error or prejudice. Accordingly, we find no violation of defendant's due process rights.

Defendant next contends that the trial court erred in denying his motion for a directed verdict that he was not guilty as charged. Defendant

argues that the prosecutor failed to present sufficient evidence that he was not mentally ill and, thus, the only possible guilty verdict was guilty but mentally ill. We disagree.

Before considering this issue, a review is in order of the procedures resulting in the prosecutor's having a duty to present sufficient evidence that a defendant is not mentally ill. The concept of sufficiency focuses on whether the evidence, taken as a whole, justifies submitting the case to the trier of fact or requires judgment as a matter of law. *People v Acosta,* 153 Mich App 504, 511; 396 NW2d 463 (1986), lv den 428 Mich 865 (1987). The prosecutor's burden is to prove the essential elements of the offense. The evidence is sufficient if, viewed in a light most favorable to the prosecution, a rational trier of fact could find that the essential elements were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den 449 US 885 (1980).

The essential elements of armed robbery do not include the absence of mental illness. The prosecutor may, however, have a burden to prove that a defendant is not mentally ill if a defendant properly raises and presents evidence of an insanity defense. *People v Murphy,* 416 Mich 453; 331 NW2d 152 (1982). This is so because legal insanity, by definition, must be the result of a mental illness. MCL 768.21a; MSA 28.1044(1); *People v Marlin Smith,* 119 Mich App 91, 96; 326 NW2d 434 (1982). Nevertheless, the lack of insanity which the prosecutor must prove is not regarded as an element of the offense but, rather, a burden-shifting affirmative defense. See *In re Certified Question,* 425 Mich 457, 467; 390 NW2d 620 (1986) (addressing this issue as it pertains to statutory crimes of rape and kidnapping). The nature and quantum of rebuttal evidence required to present

the insanity issue to the jury varies from case to case, depending in part on the strength of the defendant's case for insanity. *Murphy, supra,* p 464. The appropriate remedy for the prosecutor's failure to present sufficient evidence that a defendant is not legally insane is a directed verdict of not guilty by reason of insanity. *Id.,* p 467.

By comparison, the guilty but mentally ill verdict requires that a trier of fact find all the following beyond a reasonable doubt:

> (a) That the defendant is guilty of an offense.
> (b) That the defendant was mentally ill at the time of the commission of that offense.
> (c) That the defendant was not legally insane at the time of the commission of that offense. [MCL 768.36(1); MSA 28.1059(1).]

The first and third prongs of the above test are consistent with the burden of proof placed on the prosecutor in order to obtain a conviction on the charge. The second requirement, that a trier of fact find the defendant mentally ill beyond a reasonable doubt, is not a requirement for a conviction, but merely one that ensures that defendant receives treatment. Whether or not the Legislature intended the prosecutor's failure to present sufficient evidence to rebut whatever proofs of mental illness the defendant may present on his insanity defense to be presumptive proof that defendant is mentally ill beyond a reasonable doubt has not been raised and need not be addressed since we find that the trial court correctly submitted the issue of mental illness to the jury.

Mental illness means

> a substantial disorder of thought or mood which significantly impairs judgment, behavior, capacity

to recognize reality, or ability to cope with the ordinary demands of life. [MCL 330.1400a; MSA 14.800(400a).]

In support of his insanity defense, defendant presented the expert testimony of Dr. Keeling, who opined that defendant was mentally ill and incapable of thinking rationally and reasonably at the time of the offenses. In addition, several long-term acquaintances of defendant testified, one of whom recalled defendant's looking wild and hearing voices on the date of the offenses.

In rebuttal, one of the prosecutor's expert witnesses, Dr. Jackson, also opined that defendant was mentally ill at the time of the offenses. However, he also indicated that the defendant did not suffer from his mental illness at all times and that defendant had other disorders, including a substance abuse disorder and an antisocial personality disorder which was prominent when defendant was not suffering from the mental illness. During one of his interviews with the defendant, the defendant told Dr. Jackson that he had been drinking and took drugs with a friend prior to the incident, then found himself walking down the street with a pistol in his coat pocket. The defendant could not remember the actual robbery, but was able to relate how he hid the victims' wallets. The prosecutor's other expert witness, Dr. Rome, opined that defendant showed only mild signs of mental illness at the time of the offense and that defendant was not then mentally ill within the statutory definition of that term.

In addition to this rebuttal testimony, several of the victims testified during the prosecutor's case in chief on defendant's behavior during the robbery. The testimony of lay witnesses may be competent evidence on a defendant's mental illness, *Murphy,*

*supra,* p 465, and a trier of fact is not bound to accept the opinion of an expert. *People v Stoddard,* 48 Mich App 440, 447; 210 NW2d 470 (1973), lv den 391 Mich 778 (1974). Viewed in a manner most favorably to the prosecution, the victims' testimony indicated that the defendant appeared untidy and nervous during the robbery, but behaved in a very purposeful and planned manner when he approached the first seven robbery victims with a gun and told them to put their wallets, rings and watches into his plastic bag. When presented with this testimony, along with Dr. Rome's testimony and the opinion testimony of the other experts, based on their evaluations of the facts made known to them in assessing defendant's mental illness at the time of the offenses, we conclude that the jury could have found a reasonable doubt as to whether defendant was mentally ill when he committed the offenses. Accordingly, the trial court correctly submitted the mental illness issue to the jury.

Finally, defendant seeks resentencing, arguing that the trial judge failed to give sufficient reasons for imposing greater sentences for the armed robbery counts after the retrial than were imposed after the first trial. We disagree.

Defendant was tried and sentenced before a different judge at the retrial. Accordingly, there is no presumption of vindictiveness resulting from the imposition of a greater sentence. *People v Mazzie,* 429 Mich 29, 33; 413 NW2d 1 (1987), reh den 429 Mich 1213 (1987). Further, the trial judge gave sufficient reasons for giving the greater sentences, which exceeded the guidelines' recommended sentencing range. The trial judge expressed particular concern about defendant's convictions for four counts of assaulting a prison employee and defendant's numerous misconduct

violations while in prison since the first trial. Our collective judicial conscience is not shocked by the sentences imposed. Accordingly, defendant is not entitled to resentencing. *People v Broden,* 428 Mich 343, 349-350; 408 NW2d 789 (1987); *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Affirmed.