# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* JAMARION LAKWA LAWHORN, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

JAMARION LAKWA LAWHORN,

        Respondent-Appellant.

UNPUBLISHED
May 18, 2017

No. 330655
Kent Circuit Court
Family Division
LC No. 14-052737-DJ

---

Before: MARKEY, P.J., and MURPHY and METER, JJ.

PER CURIAM.

Respondent, Jamarion Lakwa Lawhorn, appeals as of right his jury-trial conviction of first-degree premeditated murder, MCL 750.316(1)(a). On appeal, he argues that the trial court erred when it refused to instruct the jury on the lesser included offense of voluntary manslaughter, erred when it allowed the admission of an inflammatory autopsy photo, and erred when it failed to sua sponte suppress his statement to a detective. Respondent further contends that trial counsel was ineffective for failing to move to suppress the statement to the detective or to object to its admission. Finally, respondent maintains that the jury's verdict of guilty of first-degree murder was against the great weight of the evidence and that, instead, the trial court should have entered a verdict of guilty but mentally ill. We affirm.

Testimony and evidence established that on August 4, 2014, respondent, who was 12 years old at the time, took a knife from his home, concealed it on his person, left his home, and walked through his neighborhood. He eventually encountered the nine-year-old victim, the victim's five-year-old brother, and their friend playing in the victim's yard. Respondent asked if he could join them, and they allowed him to do so. The children eventually went to a nearby playground where respondent apparently concealed the knife in the sand. After approximately 10 minutes, respondent pulled the knife from sand, cleaned it off, and repeatedly stabbed the victim in the back. The victim's younger brother helped him run home while respondent walked to a neighbor's home and asked to use a cell phone. Respondent called 9-1-1 and told the operator that he had just killed someone. The victim collapsed on his family's porch and later died of his injuries.

-1-

There was testimony that respondent had in the past been physically abused and was suffering from depression at the time of the stabbing. He also expressed a desire to be executed, motivating the assault, and there was testimony suggesting that respondent had acted out of despair given his situation at home. At trial, respondent presented an insanity defense. The trial court also gave the jury the options to find respondent guilty but mentally ill and guilty of second-degree murder. The jury rejected respondent's insanity defense and any contention that he was guilty but mentally ill. Instead, it found him guilty of first-degree murder. Respondent now appeals as of right in this Court.

Respondent first argues that the trial court erred when it denied his request to instruct the jury on the necessarily included lesser offense of voluntary manslaughter. Given that the jury found respondent guilty of first-degree murder and rejected the necessarily included lesser offense of second-degree murder, any error in not instructing the jury on voluntary manslaughter was harmless. In *People v Zak*, 184 Mich App 1, 16; 457 NW2d 59 (1990), this Court, relying on our Supreme Court's decision in *People v Beach*, 429 Mich 450, 491; 418 NW2d 861 (1988), held:

> Turning to the issues raised by defendant Anderson, he argues that the trial court erred in refusing to give instructions on manslaughter. However, we need not determine whether defendant Anderson was entitled to an instruction on manslaughter, since we conclude that, even if such an instruction should have been given, the failure to do so constitutes harmless error. Where the trial court instructs on a lesser included offense which is intermediate between the greater offense and a second lesser included offense, for which instructions were requested by the defendant and refused by the trial court, and the jury convicts on the greater offense, the failure to instruct on that requested lesser included offense is harmless if the jury's verdict reflects an unwillingness to have convicted on the offense for which instructions were not given. *Beach, supra* at 491. Here, the jury was instructed on both first- and second-degree murder and convicted defendant Anderson of first-degree murder. We conclude that their rejection of second-degree murder reflects an unwillingness by the jury to convict on manslaughter and, therefore, the failure to so instruct constitutes harmless error.[1]

Moreover, a rational view of the evidence simply does not support a conclusion that respondent killed the victim in the heat of passion caused by adequate provocation that would have made a reasonable person lose control and commit the stabbing. See *People v Cornell*, 466

---

[1] Similarly, in *People v Sullivan*, 231 Mich App 510, 520; 586 NW2d 578 (1998), this Court observed:

> Furthermore, where a defendant is convicted of first-degree murder, and the jury rejects other lesser included offenses, the failure to instruct on voluntary manslaughter is harmless. Here, the jury rejected a verdict of second-degree murder, as well as verdicts of guilty but mentally ill of first-degree and second-degree murder. [Citations omitted.]

Mich 335, 357; 646 NW2d 127 (2002); *People v Roper*, 286 Mich App 77, 87; 777 NW2d 483 (2009).[2]

Respondent also argues that the trial court erred when it allowed the admission of an autopsy photograph showing a puncture wound in the victim's lung. We review a trial court's decision to admit photographs for an abuse of discretion. *People v Gayheart*, 285 Mich App 202, 227; 776 NW2d 330 (2009). Photographic evidence is generally admissible when relevant, MRE 401, and if not unduly prejudicial, MRE 403. *Id.* Such evidence can be used to corroborate the testimony of witnesses, and it need not be excluded on the basis of gruesomeness alone. *Id.* Photographs can also be relevant to establishing the elements of the crime, including the "intent" element relative to first-degree murder. *People v Mesik (On Reconsideration)*, 285 Mich App 535, 544; 775 NW2d 857 (2009). And the "prosecution is required to prove each element of a charged offense regardless of whether the defendant specifically disputes or offers to stipulate any of the elements." *Id.*[3] Here, the photograph was properly admitted to corroborate the forensic pathologist's testimony that the stab wound depicted in the photograph required significant force to inflict, thereby assisting the prosecution in establishing the intent to kill. There was no abuse of discretion.

Next, respondent argues that the trial court erred when it failed to sua sponte suppress the statement that he gave to a detective at the hospital on the evening of the stabbing. He contends that he did not voluntarily, knowingly, or intelligently waive his rights after being advised of them consistent with the decision in *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Respondent also argues that his trial counsel's failure to object to the admission of the statement or to move for its suppression amounted to ineffective assistance of counsel.

While we appreciate the concerns and issues raised by respondent attendant to a 12-year-old properly and soundly waiving his constitutional rights, waiver and a lack of prejudice demand that we reject respondent's arguments, absent the need to substantively address them. The detective testified that respondent described the nature of the events that unfolded leading up to, including, and following the stabbing. The detective also stated that respondent showed no emotion, which was atypical, especially considering the intensity and stressfulness of the incident, and that respondent indicated, blankly, that he had no concern for the victim, which the detective found "a little shocking." The detective further testified that respondent explained that he was a "bad kid," that he was "always getting into trouble," that he "wanted to die," and that he wished to be "put in the electric chair or given the lethal injection." (Internal quotation marks

---

[2] Respondent's theory is that a rational view of the evidence showed that he committed the killing because "his thinking was disturbed by emotional excitement," where respondent's "stepfather" had threatened him with further physically-abusive punishment on the day of the offense. Amongst other deficiencies, there was no evidence whatsoever of provocation by the victim or the other children.

[3] We do note that along with the insanity defense, respondent had argued that the evidence showed that he did not intend to kill the victim, but only intended to get the attention of authorities by way of a stabbing.

omitted.) At trial, respondent presented an insanity defense, which relied heavily on the evidence that he was not thinking rationally and was suicidal on the day at issue. Trial counsel argued to the jury that respondent did not truly appreciate the wrongfulness of his conduct. Counsel focused on the testimony that respondent acted out of desire to end the abuse by prompting the authorities to kill him, and respondent's statement to the detective bolstered that view. In trial counsel's opening statement, he referred to respondent indicating that he wished to die by the electric chair or lethal injection.

Given respondent's partial reliance on his statement to the detective in attempting to support his insanity defense, respondent effectively waived any issue concerning the soundness of his waiver of his constitutional rights relative to the interrogation by the detective. See *People v Riley*, 465 Mich 442, 448; 636 NW2d 514 (2001) (party may not harbor error as an appellate parachute); *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (waiver entails an intentional relinquishment of a known right, and a party who waives rights may not seek appellate review for a claimed deprivation of those rights, as the waiver extinguished any error). Moreover, assuming plain error in admitting respondent's statement to the detective, or, for purposes of respondent's associated ineffective assistance claim, assuming deficient performance by counsel for not seeking to exclude the statement, the requisite prejudice has simply not been established. See *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) (a defendant must show deficient performance that prejudiced the defense in order to warrant reversal for ineffective assistance of counsel); *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (plain error rule extends to unpreserved claims of constitutional error and requires a showing of prejudice). Considering that the statement to the detective supplied some support for respondent's theory of the case and that the most damaging aspects of the testimony were also essentially demonstrated through other witnesses, such as medical personnel, neighbors, and first responders, we cannot conclude that there exists a probability, reasonable or otherwise, that the jury would have acquitted respondent but for the assumed plain error, *Carines*, 460 Mich at 763, or presumed deficient performance of counsel, *Carbin*, 463 Mich at 600. Reversal is unwarranted.

Finally, respondent argues in cursory fashion that the jury's outright guilty verdict of first-degree murder, rather than guilty but mentally ill, was against the great weight of the evidence. Specifically, he argues that the experts on both sides agreed, minimally, that he was suffering from a mental illness at the time of the stabbing. For that reason, respondent contends that the trial court should have entered a judgment of guilty but mentally ill.

In *People v Lacalamita*, 286 Mich App 467, 471; 780 NW2d 311 (2009), this Court also addressed, in part, a claim "that the great weight of the evidence supported a verdict of guilty but mentally ill." The *Lacalamita* panel set forth some basic principles on the matter, stating:

> We review for an abuse of discretion a trial court's grant or denial of a motion for a new trial on the ground that the verdict was against the great weight of the evidence. An abuse of discretion occurs when a trial court chooses an outcome falling outside the range of reasonable and principled outcomes.
>
> The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that

it would be a miscarriage of justice to allow the verdict to stand. Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence. Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial. Further, the resolution of credibility questions is within the exclusive province of the jury. . . . .

* * *

A "mental illness" is defined as "a substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400(g).

Where expert testimony is presented in support of an insanity defense, the probative value of the expert's opinion depends on the facts on which it is based. Further, a trial court must generally defer to a jury's determination, unless it can be said that directly contradictory testimony was so far impeached that it was deprived of all probative value or that the jury could not believe [the testimony], or [the testimony] contradicted indisputable physical facts or defied physical realities. [*Lacalamita*, 286 Mich App at 469-470 (citations, quotation marks, and ellipsis omitted; alterations in original).]

In MCL 768.36(1), the Legislature allowed for and authorized a verdict of guilty but mentally ill under the following circumstances:

If the defendant asserts a defense of insanity in compliance with section 20a of this chapter, the defendant may be found "guilty but mentally ill" if, after trial, the trier of fact finds all of the following:

(a) The defendant is guilty beyond a reasonable doubt of an offense.

(b) The defendant has proven by a preponderance of the evidence that he or she was mentally ill at the time of the commission of that offense.

(c) The defendant has not established by a preponderance of the evidence that he or she lacked the substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law.

Here, the jury found beyond a reasonable doubt that respondent committed first-degree murder and rejected his contention that he was legally insane at the time. It also did not find him guilty but mentally ill. However, the record reflects, given certain questions posed to the court during deliberations, that the jury seriously contemplated a verdict of guilty but mentally ill. The experts tended to agree that respondent suffered from a mental illness when the offense was committed. That said, in *People v Drossart*, 99 Mich App 66, 75; 297 NW2d 863 (1980), this Court noted that "[w]hile the expert knowledge of psychiatrists and psychologists can be of assistance to the jury in arriving at their determination, the jury has the sole responsibility of

-5-

applying the given rules of law to the facts relating to the defendant's mental condition." (Citations omitted.) And, "the jury is always free to reject the testimony of any witness, including the opinions of experts." *Id.* at 81. "The testimony of lay witnesses may be competent evidence on a defendant's mental illness, and a trier of fact is not bound to accept the opinion of an expert." *People v Clark*, 172 Mich App 1, 8-9; 432 NW2d 173 (1988) (citations omitted). Similarly, in *Vial v Vial*, 369 Mich 534, 536-537; 120 NW2d 249 (1963), our Supreme Court explained:

> Concentrating her argument for reversal, defendant says that the chancellor substituted his judgment, as to the existence of mental illness and its influence upon the conduct of the defendant, for the undisputed testimony of qualified psychiatrists. If that is so, Judge Breakey nonetheless was not obliged to accept the opinions of defendant's psychiatrists as against that which was testified to factually and found by him. When the trier of an issue such as was framed below receives opinion testimony of mental incapacity or illness on the one hand, as against lay testimony of facts indicating knowledge of right, of wrong, of capacity and of fair understanding of the result and impact of emotional attitudes and changes thereof, there is no legal obligation to accept the former over the latter. If such were the rule no will would be entirely safe as against mere opinion testimony of mental incompetence. Indeed, no trier or triers of fact are bound to accept opinion testimony, however expert and authoritative, as they proceed to determine issues of fact duly committed to them for finding or verdict.

The lay testimony in the instant case concerning respondent's conduct and behavior on the day of the offense, which could be characterized as calculated and planned, could be construed as failing to show by a preponderance of the evidence that he suffered from a substantial disorder of thought or mood that significantly impaired his judgment, behavior, capacity to recognize reality, or his ability to cope with the ordinary demands of life. Although we find this issue to present a close call, we must not lose sight of the fact that the great weight of the evidence standard presents a substantial hurdle. We cannot conclude that the evidence preponderated so heavily against the verdict that it would constitute a miscarriage of justice to allow the verdict to stand. The evidence supporting the jury's verdict was not patently incredible, did not defy physical realities, did not contradict indisputable physical facts or laws, was not inherently implausible such that it could not be believed by a reasonable juror, and was not seriously impeached and marked by uncertainties and discrepancies. *People v Lemmon*, 456 Mich 625, 643-644; 576 NW2d 129 (1998). Reversal is unwarranted.

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Patrick M. Meter

-6-